JERRY D. ECKLUND, Appellant, *v.* NEVADA WHOLE-
SALE LUMBER CO., a Nevada Corporation,
Respondent.

No. 9975

June 14, 1979                                              596 P.2d 218

*Hale, Lane, Peek, Dennison and Howard,* and *Gregg W. Zive,* of Reno, for Appellant.

*A. D. Jensen* and *Allen D. Jensen,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

Ecklund v. Nevada Wholesale Lumber Co., 93 Nev. 196, 562 P.2d 479 (1977), reversed a judgment of the district court holding Ecklund personally liable for a debt in the amount of $9,633.63 admittedly owed by Ecklund Insulation Inc. to Nevada Wholesale Lumber Co. We there noted that although Ecklund influenced and governed Ecklund Insulation Inc., the evidence otherwise was insufficient to permit utilization of the alter ego doctrine.

Following that decision Ecklund filed a motion in the district court for an award of attorney's fees. His motion was denied and this appeal followed. We affirm.

The district court has the discretionary authority to allow attorney's fees to a defendant as prevailing party when the plaintiff has not sought recovery in excess of $10,000. NRS 18.010(2)(c); Casey v. Williams, 87 Nev. 137, 482 P.2d 824 (1971). The court is not required to do so. Here, the court evidently considered all the circumstances existing between the parties including the unsatisfied judgment against Ecklund Insulation, and concluded that it would be inequitable to further penalize Nevada Wholesale Lumber. This determination was well within the bounds of judicial discretion.

Affirmed.