RONALD A. CORMIER, Appellant, v. WILLIAM A. MANKE, SR., and LAVONNE MANKE, dba EMIGRANT STORAGE, Respondents.

No. 21743

May 13, 1992                                   830 P.2d 1327

*Goedert & Michaels,* Reno, for Appellant.

*Perry & Spann* and *Kelly Watson,* Reno, for Respondents.

## OPINION

*Per Curiam:*

This case arose out of an accident at a self-storage facility. As a result of the injury he sustained in the accident, appellant brought an action against respondents on November 20, 1986. On approximately March 23, 1989, respondents made an offer of judgment pursuant to NRCP 68 and NRS 17.115 of $5,000.00. On approximately May 5, 1989, appellant made an offer of judgment of $18,000.00. Neither offer of judgment was accepted. On May 7,

1990, a settlement conference was held at which the settlement master informed counsel that he thought the value of the case was in the $9,000.00 to $11,000.00 range. At some subsequent time less than ten days before trial, respondents orally offered appellant $10,000.00 to settle the case.[1] Appellant refused the offer.

Following a brief trial, the jury returned a verdict in favor of appellant. The jury found respondent Emigrant Storage liable and assessed damages of $25,000.00. The jury further found 49 percent contributory negligence on appellant's part, which reduced the damages award to $12,750.00.

On June 15, 1990, appellant brought a motion for attorney's fees pursuant to NRS 18.010(2)(a).[2] Respondents opposed the motion. The district court denied appellant's motion for attorney's fees, stating:

> The award of attorney fees in [sic] entirely discretionary with this Court. Ecklund v. Nevada Wholesale, 95 Nev. 430, 596 P.2d 218 (1979). Because the settlement figure and Master Petty's valuation were close to the final verdict, this case should have settled.

On appeal, appellant contends that the district court abused its discretion in denying his motion for attorney's fees pursuant to NRS 18.010(2)(a). Repeatedly characterizing respondents' $10,000.00 offer as "an inferior offer made on the eve of trial," appellant emphasizes that the offer was not made pursuant to either NRS 17.115 or NRCP 68. Appellant concludes that "[t]he refusal to accept a less favorable settlement on the eve of trial does not provide a reasonable basis to deny [attorney's] fees."

An award of attorney's fees to the prevailing party pursuant to NRS 18.010(2)(a) is discretionary with the district court. Ecklund v. Nevada Wholesale Lumber Co., 95 Nev. 430, 596 P.2d 218 (1979). There is, however, no Nevada authority directly addressing the validity of a non-statutory offer of judgment and how the rejection of such an offer should affect the offeree's ability to recover attorney's fees. After reviewing cases from other jurisdictions, we hold that when considering a motion for attorney's fees pursuant to NRS 18.010(2)(a) in a case in which a

---

[1]Although the exact date of the offer is not clear from the record, the parties agree that the offer was made in the week immediately preceding trial.

[2]NRS 18.010(2)(a) provides:

> 2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
> (a) When he has not recovered more than $20,000 . . . .

non-statutory offer of settlement has been rejected, the district court must consider the reasonableness of the rejection. Factors which go to reasonableness include whether the offeree eventually recovered more than the rejected offer and whether the offeree's rejection unreasonably delayed the litigation with no hope of greater recovery. *See* Zabkowicz v. West Bend Co., Div. Dart Industries, 789 F.2d 540 (7th Cir. 1986); Vocca v. Playboy Hotel of Chicago, Inc., 686 F.2d 605 (7th Cir. 1982); Spencer v. General Elec. Co., 706 F.Supp. 1234 (E.D.Va. 1989).

We vacate the order of the district court denying appellant's motion for attorney's fees pursuant to NRS 18.010(2), and we remand this case to the district court for reconsideration under the standard explained above.