*1018
 
 OPINION
 

 By the Court,
 

 Shearing, J.:
 

 Zamir and Jane Tarmu (the Tarmus) hired Rowland Plastering for a home improvement project. Henry Products Incorporated provided Rowland with some of the materials used in the project. Rowland subsequently filed for bankruptcy without paying Henry Products for the materials supplied. Henry Products filed and perfected a materialmen’s lien under NRS 108.221-,246 on the Tarmu home for $7,526.07 and subsequently filed a complaint to foreclose on the Tarmu property pursuant to the lien. The district court granted summary judgment in favor of Henry Products for the full $7,526.07, and awarded Henry Products $309.42 in costs and $1,750 in attorney fees. The Tarmus appeal from the entire summary judgment order, and Henry Products appeals from the amount of the attorney fee award.
 

 The documents filed in support of the motions for summary judgment support the district court’s conclusion that Henry Products had a valid materialmen’s lien on the Tarmu property. Although the Tarmus raised questions in their pleadings as to whether the materials supplied by Henry Products were actually used on the Tarmu property, the affidavits in support of their allegations contained merely conclusory statements and not any
 
 *1019
 
 admissible evidence to overcome the prima facie showing that Henry Products had made through documents, depositions and affidavits. Evidence introduced in support of or opposition to a motion for summary judgment must be admissible evidence. NRCP 56(e); Collins v. Union Fed. Savings & Loan, 99 Nev. 284, 302, 662 P.2d 610, 621 (1983). Thus, we affirm the order granting summary judgment for Henry Products on the issue of whether Henry Products had a valid materialmen’s lien.
 

 However, the amount of the judgment is in question. Henry Products produced evidence that $7,526.07 worth of materials had been delivered for use at the Tarmus’ property. The Tarmus were aware that Henry Products had delivered the materials. At one point the Tarmus’ construction control company issued a check for $3,400 payable to both Rowland and Henry Products. Henry Products endorsed the check and allowed Rowland to keep the entire amount. The Tarmus maintain that the $7,526.07 judgment should be reduced by the $3,400 payment which Henry Products voluntarily endorsed and gave to Rowland. We agree.
 

 It seems clear that an owner makes a check payable to both the contractor and the material supplier to ensure that the material supplier is paid by the contractor. The owner wants to avoid a situation in which the supplier places a lien on the property because the contractor did not pay the supplier. In Anchor Concrete Co. v. Victor Sav. & Loan, 664 P.2d 396, 399 (Okla. 1983), the Oklahoma Supreme Court held that endorsement of a joint-payee check by one joint-payee is deemed to be a payment to that payee and constitutes a waiver of the right to commence a lien foreclosure action. In that case, the amount of the check would have satisfied the entire subcontractor’s claim; therefore, the subcontractor was deemed to have been paid in full and he waived his right to recover by foreclosure on a lien against the owner.
 
 Id.
 
 In Post Bros. Construction Co. v. Yoder, 569 P.2d 133 (Cal. 1977), the California Supreme Court also held that a supplier endorsing a check is deemed to have received payment. The California court stated:
 

 The use of joint checks is well established by custom and practice in the construction industry.
 

 When a subcontractor and his materialman are joint payees, and no agreement exists with the owner or general contractor as to the allocation of proceeds, the materialman by endorsing the check will be deemed to have received the money due him. Inclusion of the materialman as payee makes clear that the maker of the check intends to discharge obligations owed to the materialman.
 

 
 *1020
 
 The materialman may protect himself by simply refusing to endorse the check until assured by escrow or other arrangement that he will recover his rightful share of the check. Because the materialman is positioned to demand immediate payment in exchange for his endorsement, the custom and use of joint checks is beneficial to materialmen.
 

 The joint check rule is likewise beneficial to owner and general contractor. They have contracted with the subcontractor — not the materialman — and are usually unaware of the nature and size of the materialman’s claim against the subcontractor. The joint check rule provides a simple yet expeditious method for owner and general contractor to pay debts to the person with whom they have contracted while eliminating the risk the subcontractor will not pay the person with whom he has contracted.
 

 Id.
 
 at 135 (citations omitted).
 

 It appears that every state that has considered the issue has adopted the joint check rule.
 
 See
 
 Brown Wholesale Elec. v. Beztak, 788 P.2d 73 (Ariz. 1990), and cases cited therein. For the reasons cited in
 
 Post Brothers,
 
 this court also adopts the joint check rule. Therefore, the judgment against the Tarmus must be reduced by the amount of the check issued by the Tarmus, which was jointly payable to Rowland and Henry Products.
 

 The district court awarded Henry Products attorney fees without stating a basis for the award. Attorney fees are only available when authorized by rule, statute or contract. Flamingo Realty, Inc. v. Midwest Development, Inc., 110 Nev. 934, 991, 879 P.2d 69, 73 (1994). Here, attorney fees could have been awarded under either NRS 18.010(l)(a) or NRS 108.237(3). Here, without explanation, the district court awarded attorney fees of $1,750 in the face of a documented claim for approximately $30,000. The failure of a district court to state a basis for the award of attorney fees is an arbitrary and capricious action and, thus, is an abuse of discretion. Integrity Ins. Co. v. Martin, 105 Nev. 16, 19, 769 P.2d 69, 70 (1989). In light of the failure to explain the reduction in the claim, and given the fact that the Tarmus do not object to the award entered by the district court, we remand this matter for findings justifying the reduced award or for an amended award.
 

 The district court also awarded Henry Products its costs. NRS 18.110(1) requires a prevailing party requesting an award of costs to file a memorandum of such costs and to serve a copy of the memorandum upon the adverse party within five days after entry
 
 *1021
 
 of judgment, or any further time the district court grants. The record contains no proof of service of a memorandum on the Tarmus. Because Henry Products failed to follow the statutory scheme that was designed to allow adverse parties an opportunity to timely contest a request for costs, the award of costs is also reversed.
 

 Accordingly, this case is remanded for further proceedings consistent with this opinion.
 

 Springer, C. J., and Rose, Young, and Maupin, JJ., concur.