U.S. DESIGN & CONSTRUCTION CORP., APPELLANT, *v.* INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 357, AFL-CIO; AND I.B.E.W. LOCAL 357 JOINT TRUST FUNDS, RESPONDENTS.

No. 37161

July 18, 2002 50 P.3d 170

*Marquis & Aurbach* and *Deverie J. Christensen* and *Terry A. Coffing*, Las Vegas, for Appellant.

*Schreck Brignone Godfrey* and *Adam P. Segal*, Las Vegas, for Respondent I.B.E.W. Local 357 Joint Trust Funds.

*Patricia S. Waldeck*, Las Vegas, for Respondent International Brotherhood of Electrical Workers, Local 357, AFL-CIO.

## OPINION

*Per Curiam:*

### FACTS

On May 16, 1997, Horizon Electric, Inc. entered into a subcontract with U.S. Design & Construction Corporation. Pursuant to the contract, Horizon did electrical work for the opening of an Abercrombie & Fitch retail store in the Forum Shops at Caesar's Palace in Las Vegas. However, in August 1997, Horizon's financial condition deteriorated, and it was unable to continue working on the project. Horizon declared bankruptcy shortly thereafter. Subsequently, it was discovered that Horizon

had neglected to credit the electrical workers, who were all union employees, for vacation and fringe benefits that were deducted from the employees' paychecks.

On February 23, 1999, the International Brotherhood of Electrical Workers, Local 357, AFL-CIO ("Union") filed a complaint against U.S. Design arguing that U.S. Design was liable for unpaid vacation and fringe benefits pursuant to NRS 608.150. The trustees for the International Brotherhood of Electrical Workers, Local 357, Joint Trust Funds ("Trustees") joined in the complaint against U.S. Design, claiming that they were entitled to receive unpaid fringe benefits. The parties then entered into court-annexed arbitration. On January 3, 2000, the Union and the Trustees moved for partial summary judgment on the issue of U.S. Design's liability to pay the benefits. The district court granted the motion.

The focus of the litigation then turned to determining the amount of unpaid benefits owed by U.S. Design, the calculation of which was dependent upon the number of documented employee work hours. To aid in this determination, the Trustees retained an auditor, who reached a figure by reviewing Horizon's job cost reports and payroll records. U.S. Design disagreed with the auditor's calculation and argued that a more accurate figure could be reached based upon U.S. Design's own job log summaries. Ultimately, the Union and the Trustees indicated that, for the purpose of establishing the damage amount in the litigation, they were willing to adopt a figure based upon the number of hours reflected in U.S. Design's records as stated by U.S. Design's project engineer. However, U.S. Design then asserted that it had only used the job log summaries to dispute the auditor's earlier calculation, not to establish an accurate figure.

After finding that U.S. Design had improperly changed its position regarding the calculation of benefits owed, the district court concluded that U.S. Design had failed to demonstrate a genuine issue of material fact on the damage issue and therefore entered summary judgment for the plaintiffs, the Union and the Trustees, on all issues. Subject to offsets for amounts received in the Horizon bankruptcy proceedings, the district court awarded the Trustees $16,776.48 and the Union $5,070.24. Thereafter, the Union and the Trustees filed motions for attorney fees pursuant to NRS 18.010(2)(a) and for costs pursuant to NRS 18.020. The district court awarded the Trustees $20,248.25 in attorney fees and $7,778.69 in costs and awarded the Union $14,732.00 in attorney fees and $1,113.90 in costs.

On appeal, U.S. Design asserts that the district court: (1) erred by awarding attorney fees and costs to the Union and the Trustees because the underlying statute that established U.S. Design's lia-

bility did not grant a private right of action to the Union and the Trustees; (2) abused its discretion in its award of attorney fees and costs under NRS 18.010 and NRS 18.020; and (3) violated Nevada Arbitration Rules 4 and 16 by awarding attorney fees and costs. We conclude that all of U.S. Design's arguments are without merit and that the decision of the district court should be affirmed.

## DISCUSSION

### Private right of action

U.S. Design argues that the district court abused its discretion by awarding attorney fees and costs because the award was premised upon the erroneous conclusion that the Union and the Trustees had a private right of action against U.S. Design. U.S. Design argues that NRS 608.150, which establishes liability against it as a general contractor, restricts the enforcement of the statute to actions by the district attorney. We disagree.

The construction of a statute is a question of law subject to de novo review.[1] Here, we are asked if NRS 608.150 grants a private right of action to aggrieved workers. NRS 608.150(3) states:

> The district attorney of any county wherein the defendant may reside or be found shall institute civil proceedings against any such original contractor failing to comply with the provisions of this section in a civil action for the amount of all wages and damage that may be owing or have accrued as a result of the failure of any subcontractor acting under the original contractor . . . .

When construing statutes, the objective is to give effect to the legislature's intent.[2] The court will first examine the plain language of the statute; however, where the statutory language is ambiguous or otherwise unclear, the court will construe it according to that which " 'reason and public policy would indicate the legislature intended.' "[3] Under such circumstances, the intent of the legislature may be determined by examining the entire statutory scheme.[4]

---

[1] *County of Clark v. Upchurch*, 114 Nev. 749, 753, 961 P.2d 754, 757 (1998).

[2] *Cleghorn v. Hess*, 109 Nev. 544, 548, 853 P.2d 1260, 1262 (1993).

[3] *State, Dep't of Mtr. Vehicles v. Lovett*, 110 Nev. 473, 477, 874 P.2d 1247, 1249-50 (1994) (quoting *State, Dep't Mtr. Vehicles v. Vezeris*, 102 Nev. 232, 236, 720 P.2d 1208, 1211 (1986)).

[4] *SIIS v. Bokelman*, 113 Nev. 1116, 1123, 946 P.2d 179, 184 (1997).

U.S. Design contends that only district attorneys may enforce the provisions of NRS 608.150. We disagree. While the plain language of NRS 608.150 grants a right of enforcement to the district attorney, it does not preclude or explicitly exclude a private right of enforcement. Further, to the extent that the plain language of NRS 608.150 is ambiguous as to whether a private right of action exists, we conclude that the legislature's intent to permit workers to have a private right of action is readily apparent after reviewing related statutes and the legislative history of NRS 608.150. For instance, NRS 11.209(1) refers to the right of workers to bring actions against general contractors for unpaid wages. Additionally, reports from the Commissioner of Labor prior to and after the adoption of NRS 608.150 reflect a desire to expand the options available to workers for recovering unpaid wages, not to narrow those options.[5] Finally, previous cases coming before this court pursuant to this statutory provision have been brought by workers or their representatives.[6]

We therefore conclude that NRS 608.150 grants a private right of action to workers and their representatives. Accordingly, the district court did not abuse its discretion when it awarded attorney fees and costs on the understanding that the Union and the Trustees had a private right of action under NRS 608.150.

*Award of costs and attorney fees under NRS 18.010 and NRS 18.020*

U.S. Design asserts that the district court abused its discretion in awarding attorney fees under NRS 18.010 and costs under NRS 18.020 because the awards were excessive. We disagree.

A district court's award of attorney fees and costs will not be disturbed on appeal unless the district court abused its discretion in making the award.[7] A district court is not permitted to award attorney fees or costs unless authorized to do so by a statute, rule or contract.[8]

---

[5]*See* 1929-1930 Nev. Comm'r of Labor Biennial Rep. 7 (expressing concern over the difficulty workers had when collecting from subcontractors), *reprinted in* 1 Appendix to Journals S. & Assemb., 35th Sess. (Nev. 1931); 1964-1966 Nev. Comm'r of Labor Biennial Rep. 11 (stating that the Commissioner of Labor may accept the assignment of a valid claim for wages if the worker is financially unable to pursue the claim himself), *reprinted in* 2 Appendix to Journals S. & Assemb., 54th Sess. (Nev. 1967).

[6]*See, e.g., Cheqer, Inc. v. Painters & Decorators*, 98 Nev. 609, 655 P.2d 996 (1982); *Tobler and Oliver v. Bd. Trustees*, 84 Nev. 438, 442 P.2d 904 (1968).

[7]*Parodi v. Budetti*, 115 Nev. 236, 240, 984 P.2d 172, 174 (1999).

[8]*Henry Prods., Inc. v. Tarmu*, 114 Nev. 1017, 1020, 967 P.2d 444, 446 (1998).

An award of attorney fees under NRS 18.010(2)(a) may be made:

> 2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:

> (a) When he has not recovered more than $20,000.

Here, since the Union and the Trustees each recovered less than $20,000.00,[9] the district court was acting within its discretion when it awarded attorney fees under the statute.[10]

Awards of costs pursuant to NRS 18.020(3) are governed as follows:

> Costs must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered, in the following cases:

> . . . .

> 3. In an action for the recovery of money or damages, where the plaintiff seeks to recover more than $2,500.

The parties to this appeal do not dispute that the Union and the Trustees each sought over $2,500.00. Accordingly, an award of costs under NRS 18.020(3) was mandatory. Although an award of costs is mandated when the damages sought exceed $2,500.00, the district court still retains discretion when determining the reasonableness of the individual costs to be awarded.[11]

Additionally, the district court's award of attorney fees was appropriate under our decision in *Cormier v. Manke*.[12] In *Cormier*, we held that when making an award of attorney fees under NRS 18.010(2)(a) in a case where a party has rejected a non-statutory settlement offer, the court must consider the rea-

---

[9]The district court entered a judgment of $16,776.48 in favor of the Trustees and $5,070.24 in favor of the Union.

[10]*C.f.*, *Parodi*, 115 Nev. at 241, 984 P.2d at 175 (aggregating the multiple claims of a single party); *Schouweiler v. Yancey Co.*, 101 Nev. 827, 830, 712 P.2d 786, 788 (1985) (aggregated claims of class members constituted a single claim that exceeded NRS 18.010 maximum recovery for purposes of an award of statutory attorney fees); *Peterson v. Freeman*, 86 Nev. 850, 477 P.2d 876 (1970) (multiple parties seeking joint recovery of purchase price of a business).

[11]*Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1050, 881 P.2d 638, 643 (1994).

[12]108 Nev. 316, 830 P.2d 1327 (1992).

sonableness of the rejection.[13] In particular, we held that the court should consider: (1) "whether the offeree eventually recovered more than the rejected offer"; and (2) "whether the offeree's rejection unreasonably delayed the litigation with no hope of greater recovery."[14] Here, it is implicit from the district court's findings that it considered the reasonableness of U.S. Design's conduct throughout the course of the litigation and its ultimate failure to obtain a judgment more favorable than the original settlement offer. Accordingly, the district court's award of attorney fees was appropriate under *Cormier*.

We note that the costs and attorney fees awards in total exceeded the amount of benefits awarded. There is no indication, however, that the awards were unreasonable under the circumstances. We, therefore, find no abuse of discretion with regard to either award within the framework of NRS 18.010 and NRS 18.020.

*Nevada Arbitration Rules 4 and 16*

Finally, U.S. Design asserts that the district court's award of attorney fees and costs was in conflict with NAR 4 and 16. In particular, U.S. Design argues that since the parties were engaged in arbitration, NAR 4(E)[15] should have barred the district court from granting the Union and the Trustees' motion for attorney fees and costs. Similarly, U.S. Design argues that the district court's award of attorney fees and costs violated NAR 16(E)[16] because the award exceeded the $3,000.00 limit on fee awards imposed under the rule. We disagree.

While NAR 4(E) prevents non-dispositive motions from being brought before the district court when arbitration is pending, the district court may still dispose of a case by hearing and ruling upon a motion for summary judgment. Here, the district court removed the case from arbitration by disposing of the case by

---

[13]*Id.* at 317-18, 830 P.2d at 1328.

[14]*Id.* at 318, 830 P.2d at 1328.

[15]NAR 4(E) provides:

> During the pendency of arbitration proceedings conducted pursuant to these rules, no motion may be filed in the district court by any party, except motions that are dispositive of the action . . . .

[16]NAR 16(E) states that "[a]ttorney's fees awarded by the arbitrator may not exceed $3,000, unless the compensation of an attorney is governed by an agreement between the parties allowing a greater award."

summary judgment. At that point, the case was no longer subject to the rules of arbitration, including NAR 4(E) or NAR 16. Therefore, neither NAR 4(E) nor NAR 16 prohibited the district court from awarding attorney fees and costs to the Union and the Trustees.

Accordingly, we affirm the district court order granting attorney fees and costs to the Union and the Trustees.