RICHARDSON CONSTRUCTION, INC., a Nevada Corpora-
tion, Appellant/Cross-Respondent, v. CLARK COUNTY
SCHOOL DISTRICT, a Political Subdivision of the State
of Nevada, Respondent/Cross-Appellant.

No. 45895

April 12, 2007

156 P.3d 21

[Rehearing denied May 31, 2007]

*Parker Nelson & Arin, Chtd.*, and *Theodore Parker III*, Las
Vegas, for Appellant/Cross-Respondent.

*C. W. Hoffman Jr.*, General Counsel, and *S. Scott Greenberg*,
Assistant General Counsel, Las Vegas, for Respondent/Cross-
Appellant.

*Catherine Cortez Masto*, Attorney General, and *Robert J.
Bryant*, Deputy Attorney General, Carson City, for Amicus Curiae
State, Public Works Board.

*David J. Roger*, District Attorney, and *Jeffrey G. Trull*, Deputy
District Attorney, Las Vegas, for Amicus Curiae Clark County
Department of Finance.

Before PARRAGUIRRE, HARDESTY and SAITTA, JJ.

## OPINION

By the Court, HARDESTY, J.:

Under NRS 338.1381, a contractor may administratively appeal from the denial of an application to qualify as a bidder on a contract for a public work, and the administrative decision on appeal is final for purposes of judicial review.[1] In this appeal and cross-

---

[1] NRS 338.1381.

appeal, we consider whether the reference to "judicial review" in NRS 338.1381 creates a private cause of action. Based on the structure of the statute, as well as public policy, we conclude that NRS 338.1381 does not create a private cause of action. Rather, the statutory scheme contemplates an administrative appeal followed by judicial review. NRS 338.1381 thus already provides an express remedy, and any contrary conclusion would undermine the purpose behind public works bidding statutes.

## FACTS AND PROCEDURAL HISTORY

For several years, appellant/cross-respondent Richardson Construction, Inc., contracted with respondent/cross-appellant Clark County School District (CCSD) to perform various public works projects. In January 1999, Richardson submitted a bidder's prequalification package to CCSD under CCSD's prequalification procedures. Shortly thereafter, Richardson initiated a series of lawsuits against CCSD over its existing contracts. In December 1999, Richardson received a letter from CCSD informing Richardson that its prequalification package had been denied.

According to Richardson, the letter identified Richardson's pending litigation against CCSD as the basis for denying the prequalification package. Richardson also claims that between 2000 and 2003, CCSD informed Richardson that it could not bid on any CCSD projects while its litigation against CCSD was still pending.

Based on CCSD's rejection of its prequalification package and the subsequent letter, Richardson filed suit against CCSD for violation of the bidder-prequalification and award-of-contract statutes,[2] among other things.[3] CCSD filed a motion to dismiss, which the district court granted. The district court determined that NRS 338.1381 provides the exclusive remedy to contractors whose prequalification applications are denied by allowing them to request a hearing before the local governing board and, if aggrieved by the administrative decision, to seek judicial review. Since NRS Chapter 338 does not expressly provide any private cause of action, the court concluded that Richardson had no cause of action for damages. The district court's order also denied CCSD's request for attorney fees and NRCP 11 sanctions against Richardson. Richard-

---

[2] NRS 338.1375-.1383.

[3] Richardson filed its original complaint in the Nevada district court, but then filed amended complaints in the United States District Court. That court declined to adjudicate Richardson's state law claim and remanded the claim to the district court. The United States District Court also dismissed Richardson's amended complaints.

son appeals, primarily arguing that NRS 338.1381 does permit a private cause of action,[4] and CCSD cross-appeals, challenging the district court's failure to award it attorney fees and sanctions.[5]

## DISCUSSION

As noted, Richardson argues that NRS 338.1381 creates a private cause of action, even though the statute does not expressly authorize a private cause of action. We disagree.

Statutory construction is a question of law that this court reviews de novo.[6] The construction of a statute should give effect to the Legislature's intent.[7] In determining the Legislature's intent, we may look no further than any unambiguous, plain statutory language.[8] In the absence of such language, we must examine the statute in the context of the entire statutory scheme, reason, and public policy to effect a construction that reflects the Legislature's intent.[9]

The plain language of NRS 338.1381 provides a mechanism for a public works applicant to challenge the denial of its application to qualify as a bidder for a public works project: a denied applicant may request a hearing with the State Public Works Board or local

---

[4]Richardson also argues on appeal that (1) it did not have to exhaust its administrative remedies before filing its private causes of action because it would have been futile to do so; (2) issue preclusion does not preclude Richardson from arguing futility now, because even though the United States District Court conducted a futility analysis when Richardson filed its initial complaints in federal court, the federal court applied a different level of standing than Nevada law requires; and (3) the district court should have granted Richardson leave to amend its complaint to allege intentional interference with prospective economic advantage. CCSD responds that even if NRS 338.1381 encompasses a private cause of action, the statute of limitations bars Richardson from asserting such a cause of action. Based on this opinion, we reject as moot both parties' additional arguments.

[5]In its cross-appeal, CCSD argues that the district court abused its discretion by failing to award attorney fees as a sanction under NRCP 11. The district court's decision whether to award attorney fees is reviewed by this court for an abuse of discretion. *Bergmann v. Boyce*, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993). The district court rejected CCSD's request for attorney fees primarily because Richardson's counsel persuaded the court that he had failed to appear at a hearing inadvertently. We cannot say that the district court abused its discretion under these circumstances.

[6]*U.S. Design & Constr. Corp. v. I.B.E.W. Local 357*, 118 Nev. 458, 461, 50 P.3d 170, 172 (2002).

[7]*Id.*

[8]*Id.*

[9]*Id.*

government, as applicable.[10] Upon proper application, the Board or local government must hold a hearing and render a decision;[11] this decision is a "final decision for purposes of judicial review." Nothing in the statute explicitly grants private persons a cause of action through which to pursue damages for any violations of the public works bidding statutes.

Although NRS 338.1381 does not explicitly refer to a private cause of action for damages, Richardson asserts that the reference to "judicial review" in the statute implies a private cause of action nonetheless. We disagree.

We have already concluded, in another context, that when a statute does not expressly provide for a private cause of action, the absence of such a provision suggests that the Legislature did not intend for the statute to be enforced through a private cause of action.[12] Moreover, when a statute provides an express remedy, courts should be cautious about reading additional remedies into the statute.[13]

As noted, NRS 338.1381 does not provide for a private cause of action. Instead, as the statute's language and structure reveal, NRS 338.1381 expressly authorizes a means of remedying any wrongful prequalification denial: an administrative hearing, followed, if necessary, by judicial review.[14] Because NRS 338.1381 provides this express remedy, we will not read any additional remedies into the statute. We therefore conclude that there is no separate private cause of action for the denial of a public-works bidder-qualification application.[15]

---

[10]NRS 338.1381(1).

[11]NRS 338.1381 governs this administrative process, providing the time frame in which the hearing is to be held, for written notice of the hearing, the burden of proof, and the Board's or local government's powers and duties during the hearing.

[12]*See Sports Form v. Leroy's Horse & Sports*, 108 Nev. 37, 40-41, 823 P.2d 901, 903 (1992) (concluding that the Legislature did not intend to enforce NRS 463.440(1)(a) and NRS 463.460 through private civil actions because, among other reasons, these statutes do not provide for a private cause of action).

[13]*Builders Ass'n v. City of Reno*, 105 Nev. 368, 370, 776 P.2d 1234, 1235 (1989); *see also Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 487-88 (1996) (recognizing this canon of statutory construction and noting that the existence of an express remedial administrative scheme generally precludes any implication of additional remedies).

[14]NRS 338.1381(1), (6).

[15]The State of Nevada, as amicus curiae, urges us to conclude that the denial of prequalification status is subject only to the provisions of NRS 233B.121 in the Nevada Administrative Procedure Act. However, the Act, em-

Public policy further supports this conclusion. The purpose of bidding is to "save public funds" and guard against "favoritism, improvidence and corruption."[16] Consequently, public works bidding statutes "are deemed to be for the benefit of the taxpayers and not the bidders, and are to be construed for the public good."[17] Recognizing a private cause of action under NRS 338.1381 could encourage lengthy and expensive litigation between bidders and public entities. Such litigation could prove costly to public funds and would not serve the public good.

Finally, we recognize that the doctrine of primary jurisdiction occasionally requires courts to refrain from exercising jurisdiction, so that technical issues can first be considered by a governmental body.[18] Two policies underlie this doctrine: (1) a desire for uniform regulation, and (2) the need for a tribunal with specialized knowledge to make initial assessments of certain issues.[19] In light of our analysis, the doctrine of primary jurisdiction and its underlying policies further support our conclusion that NRS 338.1381 does not include a private cause of action.

## CONCLUSION

NRS 338.1381 provides for a hearing for an applicant whose public works application has been rejected and for judicial review. Because the statute provides an express remedy but does not provide for a private cause of action, we conclude that NRS 338.1381 does not create a private cause of action. Moreover, recognizing a private cause of action under NRS 338.1381 would undermine the purpose of the public works bidding statutes and would require this court to read an additional remedy into the statute where an express remedy already exists. Lastly, the doctrine of primary jurisdiction compels us to refrain from exercising jurisdiction so that technical issues may first be determined by a governmental body

bodied in NRS Chapter 233B, applies only to state agencies. While the State Public Works Board is a state agency as that term is defined in NRS 233B.031, we determine that CCSD is not. Accordingly, we decline to address the State's arguments concerning NRS Chapter 233B and to determine the requirements for judicial review under NRS 338.1381 for a local government agency.

[16]*Gulf Oil Corp. v. Clark County*, 94 Nev. 116, 118, 575 P.2d 1332, 1333 (1978).

[17]*Id.* at 118-19, 575 P.2d at 1333.

[18]*Sports Form v. Leroy's Horse & Sports*, 108 Nev. 37, 41, 823 P.2d 901, 903 (1992).

[19]*Id.*

with specialized knowledge. Accordingly, we affirm the district court's order.

PARRAGUIRRE and SAITTA, JJ., concur.