133 Nev., Advance Opinion 36

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CITY OF HENDERSON,<br>Appellant,<br>vs.<br>GIANO AMADO, A/K/A BRANDON WELCH,<br>Respondent. | No. 70500<br><br><br><br>JUN 22 2017<br><br> |

Appeal from a district court order granting a petition for a writ of mandamus and/or writ of prohibition resulting in the dismissal of criminal complaints. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

*Reversed and remanded with instructions.*

Josh M. Reid, City Attorney, and Laurie A. Iscan, Assistant City Attorney, Henderson,
for Appellant.

William B. Terry, Chartered, and William B. Terry, Las Vegas,
for Respondent.

---

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

*OPINION*

By the Court, HARDESTY, J.:

NRS 174.085(5)(b) permits a municipality's prosecuting attorney to seek the voluntary dismissal of a misdemeanor complaint before trial and "without prejudice to the right to file *another* complaint,

17-20714

unless the State of Nevada has previously filed a complaint against the defendant which was dismissed at the request of the prosecuting attorney." (Emphasis added.) Further, "[if] a prosecuting attorney files a *subsequent* complaint after a complaint concerning the same matter has been filed and dismissed against the defendant," the case is required to be assigned to the same judge as the initial complaint. NRS 174.085(6)(a) (emphasis added).

As a matter of first impression, we must determine whether the subsequent complaint filed by the prosecuting attorney may be filed in the same case number as the original complaint. We conclude that a plain reading of the statute permits the City of Henderson (City) to file a subsequent complaint in the original case. Accordingly, we conclude that the district court acted arbitrarily and capriciously when it determined that the City was required to file a new complaint with a new case number when it voluntarily dismissed complaints pursuant to NRS 174.085(5)(b), and reverse.

## FACTS AND PROCEDURAL HISTORY

After respondent Giano Amado had a physical altercation with his aunt and nephew, the City filed a criminal complaint against Amado, charging him with misdemeanor battery constituting domestic violence for pushing his aunt to the ground. Amado was arrested and posted a bail bond that same day. A criminal complaint was then filed in a separate case charging Amado with misdemeanor battery constituting domestic violence for grabbing, punching, or throwing his nephew to the ground. After the aunt and nephew repeatedly failed to appear for multiple trial dates, the City voluntarily dismissed both complaints without prejudice pursuant to NRS 174.085(5)(b).

Supreme Court
OF
Nevada

(O) 1947A

2

The day following the dismissal of the complaints, the City refiled the criminal complaints as "Amended Criminal Complaint[s]" using the same case numbers. Amado filed a motion to dismiss the amended criminal complaints in the municipal court, arguing that the City was required to file new criminal complaints using new case numbers. The municipal court denied the motion.

Amado filed a petition for a writ of mandamus, or alternatively, a writ of prohibition in the district court raising the same claims regarding the amended criminal complaints. The district court granted the petition for a writ of prohibition and dismissed the amended complaints, finding that NRS 174.085(5)(b) required the City to file new complaints with new case numbers.

## DISCUSSION

*The district court acted arbitrarily and capriciously when it determined that the municipal court had violated NRS 174.085(5)(b) and dismissed the City's complaints*

"An arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (citation and internal quotation marks omitted). "A manifest abuse of discretion is [a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule." *Id.* at 932, 267 P.3d at 780 (alteration in original) (internal quotation marks omitted).

The City argues that the district court arbitrarily and capriciously exercised its discretion by ignoring the plain language of NRS 174.085(5)(b) and determining that the statute only allows for a new complaint to be filed in a new case number. The City argues that NRS

174.085(5)(b) does not contain any such restriction, but rather refers to the filing of "another" complaint and a "subsequent" complaint, and the statute makes no mention of a new case number. We agree.

"Statutory construction is a question of law that this court reviews de novo." *Richardson Constr., Inc. v. Clark Cty. Sch. Dist.*, 123 Nev. 61, 64, 156 P.3d 21, 23 (2007). Generally, statutes are given their plain meaning, construed as a whole, and read in a manner that makes the words and phrases essential and the provisions consequential. *Mangarella v. State*, 117 Nev. 130, 133, 17 P.3d 989, 991 (2001).

In 1997, the Legislature amended NRS 174.085(5) to its current form:

> 5. The prosecuting attorney, in a case that the prosecuting attorney has initiated, may voluntarily dismiss a complaint:
>
> (a) Before a preliminary hearing if the crime with which the defendant is charged is a felony or gross misdemeanor; or
>
> (b) Before trial if the crime with which the defendant is charged is a misdemeanor,
>
> without prejudice to the right to file *another* complaint, unless the State of Nevada has previously filed a complaint against the defendant which was dismissed at the request of the prosecuting attorney. After the dismissal, the court shall order the defendant released from custody or, if the defendant is released on bail, exonerate the obligors and release any bail.

(Emphasis added.) *See* 1997 Nev. Stat., ch. 504, § 1(5), at 2392. Further, NRS 174.085(6)(a) provides that "[if] a prosecuting attorney files a *subsequent* complaint after a complaint concerning the same matter has been filed and dismissed against the defendant," the case is required to be assigned to the same judge as the initial complaint. (Emphasis added.)

*Black's Law Dictionary* defines "subsequent" as "occurring later; coming after something else." *Subsequent, Black's Law Dictionary* (10th ed. 2014). Nothing in the definition of "subsequent" nor any other provision in NRS 174.085(5)(b) or (6)(a) prohibits a prosecutor from filing a subsequent complaint in the original case.[1] In fact, we have previously reviewed NRS 174.085(5)'s statutory language in the context of an equal protection violation argument and "recognize[d] . . . the ability of a prosecutor to dismiss and reinstate a charge, known as a *nolle prosequi* order at common law." *Sheriff, Washoe Cty. v. Marcus*, 116 Nev. 188, 194, 995 P.2d 1016, 1020 (2000); *see also Bassing v. Cady*, 208 U.S. 386, 392 (1908) (seeing no violation of a "right secured . . . by the Constitution or laws of the United States" where the charges against the defendant were dismissed and he was released from custody followed by the State's reinstatement of those charges at a later date).

The City has indicated in its writ petition that the municipal court established the procedure of filing a subsequent complaint in the same case to ensure the case was assigned to the same judge as required by NRS 174.085(6)(a). Amado could point to no prejudice that he suffered

---

[1]We conclude that Amado's argument challenging the label "amended" on the subsequent complaints is without merit. The City represented that the complaints were amended simply to include aliases that were not included in the original complaints and not to imply that the original complaints had not been dismissed. Affixing the label "amended," which was arguably unnecessary in filing the subsequent complaints, did not warrant dismissal.

when the new/subsequent complaint was labeled "amended" and filed in the same case number. The district court identified no prejudice Amado suffered by the procedure selected by the municipal court. The district court's reading of the statute also discounts any inherent authority and flexibility the municipal court may have in implementing procedures to effectuate the provisions of NRS 174.085(5) and (6) for subsequently filed complaints.

## *CONCLUSION*

Because we conclude that the plain language of NRS 174.085(5) and (6) unambiguously permits the filing of a subsequent complaint in the original case, we conclude that the district court arbitrarily and capriciously abused its discretion when it erroneously determined that the municipal court had violated NRS 174.085(5)(b) and dismissed the complaints against Amado.

Accordingly, we reverse the district court's order and remand to the district court with instructions to enter an order consistent with this opinion.

_____, J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich