**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TODD LEE LEANY, Trustee of the Todd Lee Leany Irrevocable Trust; CENTURY PROPERTIES HENDERSON 18, LLC,<br><br>        Plaintiffs-Appellees,<br><br> v.<br><br>SAN DIEGO STEEL HOLDINGS GROUP, INC.,<br><br>        Defendant-Appellant,<br><br> and<br><br>DAVID PERKINS; ERIC B. BENSON,<br><br>        Defendants,<br><br> v.<br><br>UINTAH LAND INVESTMENTS, LLC, a Nevada Limited Liability Company,<br><br>        Third-party-defendant-Appellee. | No.    19-16250<br><br>D.C. No.<br>2:15-cv-01349-MMD-CWH<br><br>MEMORANDUM* |

| | |
|---|---|
| TODD LEE LEANY, Trustee of the Todd Lee Leany Irrevocable Trust; CENTURY | No.    19-16328 |

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

PROPERTIES HENDERSON 18, LLC,

        Plaintiffs-Appellants,

  v.

SAN DIEGO STEEL HOLDINGS GROUP, INC.,

        Defendant-Appellee,

 and

DAVID PERKINS; ERIC B. BENSON,

        Defendants,

  v.

UINTAH LAND INVESTMENTS, LLC, a Nevada Limited Liability Company,

      Third-party-defendant-
      Appellant.

D.C. No.
2:15-cv-01349-MMD-CWH

---

CENTURY PROPERTIES HENDERSON 18, LLC,

      Plaintiff-counter-
      defendant-Appellant,

  v.

SAN DIEGO STEEL HOLDINGS GROUP, INC.,

      Defendant-counter-claimant-
      Appellee.

No.   19-17460

D.C. No.
2:15-cv-01349-MMD-CWH

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted October 9, 2020
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and ANTOON,[**] District Judge.
Concurrence by Judge RAWLINSON

In these consolidated appeals, San Diego Steel Holdings Group, Inc. (San Diego Steel) appeals the district court's judgment as a matter of law on San Diego Steel's breach of fiduciary duty claim against Todd Leany, and Century Properties Henderson 18, LLC (Century Properties) appeals the district court's denial of its motion for attorney's fees. We have jurisdiction under 28 U.S.C. § 1291. Finding no error, we affirm both judgments.[1]

**1.** We review de novo a district court's judgment as a matter of law. *Dees v. Cnty. of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020). Judgment as a matter of law is warranted if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-moving] party." Fed. R. Civ. P. 50(a)(1). In assessing a motion for judgment as a matter of law, "[w]e 'must view the evidence

---

[**]     The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

[1]     In a third appeal, Case No. 19-16328, Leany appealed some of the district court's rulings, but he opted not to pursue that appeal. Thus, we address only San Diego Steel's appeal in Case No. 19-16250 and Century Properties' appeal in Case No. 19-17460.

in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor.'" *Dees*, 960 F.3d at 1151 (second alteration in original) (quoting *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009)).

Under Nevada law, "[a] fiduciary relationship is deemed to exist when one party is bound to act for the benefit of the other party." *Hoopes v. Hammargren*, 725 P.2d 238, 242 (Nev. 1986). "The essence of a fiduciary or confidential relationship is that the parties do not deal on equal terms, since the person in whom trust and confidence is reposed and who accepts that trust and confidence is in a superior position to exert unique influence over the dependent party." *Id.* (quoting *Barbara A. v. John G.*, 193 Cal. Rptr. 422, 432 (Ct. App. 1983)).

Here, Leany was entitled to judgment as a matter of law on San Diego Steel's breach of fiduciary duty claim because the evidence presented at trial was insufficient to establish a fiduciary relationship between these parties. San Diego Steel conceded during trial that its "partnership" theory of fiduciary duty was foreclosed by the district court's summary judgment ruling on another claim. And although Nevada law imposes duties on *licensed* real estate brokers, *see* § 645.252, Nev. Rev. Stat., San Diego Steel presents no authority establishing that an *unlicensed* person owes a fiduciary duty any time he performs an act defined as an

4

act of a real estate broker under Nevada Revised Statutes § 645.030.[2] Finally, the circumstances of this case—even as presented through San Diego Steel's trial witness, David Perkins—do not establish a "special relationship" or "agency" basis for a fiduciary duty. These parties had long been adversaries, and San Diego Steel clearly was not relying on Leany for real estate expertise. Perkins knew that Leany had his own self-interest in mind in cooperating with San Diego Steel, and Leany was not in a position of "trust and confidence." The breach of fiduciary duty claim thus failed as a matter of Nevada law.

**2.** Generally, the denial of an award of attorney's fees is reviewed for abuse of discretion. *FDIC v. Lugli*, 813 F.2d 1030, 1034 (9th Cir. 1987). But where, as here, the propriety of a fee award depends on contractual interpretation or other questions of law, we review the fee ruling de novo. *Id.* On de novo review, we find no error in the district court's denial of Century Properties' motion for fees.

Under Nevada law, awards of attorney's fees are allowed only where authorized "by a statute, rule or contract." *U.S. Design & Constr. Corp. v. Int'l*

---

[2]  We reject San Diego Steel's reliance on *Loomis v. Lange Financial Corp.*, 865 P.2d 1161 (Nev. 1993). There, the Supreme Court of Nevada mentioned but did not discuss breach of fiduciary duty claims against a California brokerage firm and brokers who were not licensed in Nevada. The *Loomis* defendants clearly held themselves out as brokers and entered into a marketing agreement with the plaintiffs. Those facts are quite different from those of the case before us, and we do not read *Loomis* as standing for the proposition that unlicensed persons who perform an action in a real estate transaction necessarily owe a fiduciary duty.

*Bhd. of Elec. Workers*, 50 P.3d 170, 173 (Nev. 2002); *accord Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994). Century Properties asserted contractual entitlement to attorney's fees under what the parties referred to at trial as the second Purchase and Sale Agreement (the March 31 Agreement), as amended by the "First Amendment" to that agreement. The March 31 Agreement contained an attorney's fee provision, but the First Amendment did not.

The district court correctly construed these agreements in denying Century Properties' motion for fees. As the court noted, Century Properties was not initially a party to the March 31 Agreement, which described San Diego Steel as the seller. The March 31 Agreement was then amended by the First Amendment, which named Century Properties as the seller under the March 31 Agreement *in the place of* San Diego Steel. And simultaneously with the substitution of Century Properties as the seller, the First Amendment released San Diego Steel from "all obligations" under the March 31 Agreement. Thus, Century Properties and San Diego Steel were never at the same time parties to the March 31 Agreement, the only contract that contained a fee-shifting provision.

**AFFIRMED.**

FILED

OCT 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Leany v. San Diego Steel Holdings Group*,
**Case Nos. 19-16250, 19-16328 and 19-17460**
**Rawlinson, Circuit Judge, concurring**

    I concur in the result.

1