IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CHRISTOPHER HOMES RIDGES, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. MEIME, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | No. 81625 <br><br> **FILED** <br><br> MAY 14 2021 <br><br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY _____ <br> DEPUTY CLERK |

## ORDER REVERSING IN PART AND REMANDING

This is an appeal from a district court postjudgment order awarding costs in a contract action. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.[1]

This court previously vacated and remanded a bench trial judgment in favor of appellant Christopher Homes Ridges, LLC. *See MEIME, LLC v. Christopher Homes Ridges, LLC*, Docket No. 67814 (Order Vacating and Remanding, May 11, 2016). We then affirmed the judgment in appellant's favor resulting from a second bench trial. *See Christopher Homes Ridges, LLC v. MEIME, LLC*, Docket No. 76406 (Order of Affirmance, Feb. 5, 2020). After each trial, Christopher timely filed a memorandum of costs and disbursements seeking a costs award as the prevailing party. *See* NRS 18.020(3) (entitling a prevailing party to an award of costs in an action seeking to recover more than $2,500 in damages). Respondent MEIME, LLC did not file a motion to retax costs in response to

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

either memorandum.[2] *See* NRS 18.110(4) (requiring an objecting party to file a motion to retax within three days of being served with a memorandum of costs). After this court affirmed the judgment resulting from the second trial in Docket No. 76406, the district court awarded Christopher its costs as set forth in its second memorandum. However, it denied Christopher any costs expended before this court's order of reversal in Docket No. 67814.

Christopher argues that the district court's order should be reversed in part because, as the prevailing party, it is entitled to an award of all its costs, not just those incurred after the appeal in Docket No. 67814. We agree. "An award of costs to the prevailing party is mandated where, as here, damages were sought in an amount in excess of $2,500." *Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1050, 881 P.2d 638, 643 (1994) (citing to NRS 18.020(3)). As NRS 18.020(3) entitles a prevailing party to its costs incurred in an *action*, not a trial, the district court erred when it found Christopher was not a prevailing party entitled to costs incurred before this court's order in Docket No. 67814. *See Golightly & Vannah, PLLC v. TJ Allen, LLC*, 132 Nev. 416, 422, 373 P.3d 103, 106-07 (2016) (reviewing a district court's decision regarding a party's status as a prevailing party under NRS 18.020 de novo). Our review of the record confirms that Christopher is the prevailing party in the district court action, as it successfully defeated all of MEIME's claims and was allowed to retain

---

[2]We reject MEIME's argument that it could file an objection to Christopher's memoranda of costs when Christopher re-noticed the matter for hearing upon the remittitur issuing in Docket No. 76406; Christopher's hearing notice was not a new motion. *See* EDCR 2.20(e) (allowing a party to file an opposition in response to a *motion*); *see also Reno Elec. Works v. Ward*, 53 Nev. 1, 1, 290 P. 1024, 1025 (1930) (explaining that the statutory procedure of filing a timely motion to retax costs is "the only way to attack" and object to a memorandum of costs).

MEIME's earnest money deposit. *See Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 10, 106 P.3d 1198, 1200 (2005) (defining a prevailing party as one who "succeeds on any significant issue in litigation" and explaining that a defendant may be a prevailing party (quoting *Women's Fed. Sav. & Loan Ass'n v. Nev. Nat'l Bank*, 623 F. Supp. 469, 470 (1985))). Because Christopher is entitled to its costs "as a matter of right," *Bergmann v. Boyce*, 109 Nev. 670, 679, 856 P.2d 560, 565 (1993), on remand we direct the district court to determine the amount Christopher is entitled to pursuant to NRS 18.020(3). *See U.S. Design & Constr. Corp. v. Int'l Bhd. of Elec. Workers*, 118 Nev. 458, 463, 50 P.3d 170, 173 (2002) (providing that, while a costs award pursuant to NRCP 18.020(3) is mandatory, "the district court still retains discretion when determining the reasonableness of the individual costs to be awarded"). Accordingly, we

ORDER the judgment of the district court REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Hardesty

_____, J.          _____, J.
Stiglich                                                    Silver


cc:     Chief Judge, Eighth Judicial District Court
        Department 2, Eighth Judicial District Court
        Hayes Wakayama
        Kaempfer Crowell/Las Vegas
        Eighth District Court Clerk

