BRAD ASSOCIATES, a Nevada General Partnership Composed of ANDREW S. FONFA, DANIEL L. PACKER and RONALD R. SINCLAIR; ANDREW S. FONFA, Individually; DANIEL L. PACKER, Individually; RONALD R. SINCLAIR, Individually, Appellants, v. NEVADA FEDERAL FINANCIAL CORPORATION, a Wholly Owned Subsidiary of Nevada Federal Credit Union, Respondent.

No. 23089

March 18, 1993                          848 P.2d 1064

*Deaner, Deaner & Scann* and *John A. Curtas,* Las Vegas, for Appellants.

---

[1]The Honorable Miriam Shearing, Justice, did not participate in the decision of this appeal.

*Chris A. Beecroft,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

### FACTS

In 1985 Andrew Fonfa, Daniel Packer, Ronald Sinclair and William Zuraff[1] (collectively referred to as the "partners") formed Brad Associates, a Nevada general partnership. The declared purpose of Brad Associates was "the business of constructing an apartment building . . . ."

To that end, the partners borrowed $750,000 from the Nevada Federal Financial Corporation (the "Credit Union"). The loan was secured by a six-month note, a deed of trust on real property, and an assignment of rents. The note was due and payable on November 20, 1985.

The partners elected to convert the apartments into condominiums. Because this required additional time, the partners obtained from the Credit Union a six-month extension, the note now coming due on May 20, 1986.

Brad Associates began selling the units. Sales, however, were slow. To put the units within reach of the average purchaser, Brad Associates sought VA and FHA approval. Unfortunately, Brad Associates was unable to gain the necessary approval before the note came due.

The May 20, 1986 due date came and went without payment to

[1]Zuraff is no longer a partner and is not a party on appeal.

the Credit Union. Brad Associates, having purportedly learned that FHA would eventually approve the project, negotiated with the Credit Union for an additional extension. Unable to reach an agreement, however, the Credit Union declared default.

On July 7, 1988, Brad Associates and each individual partner filed suit against the Credit Union. The plaintiffs amended their complaint twice—on September 15, 1988 and again on January 24, 1992.

In its answers, the Credit Union alleged as an affirmative defense that Brad Associates had failed to file with the Clark County Clerk a fictitious name certificate (a "certificate") as required by NRS 602.010. Thereafter, the Credit Union moved to dismiss the action pursuant to NRS 602.070. After considering the parties' motions and accompanying points and authorities, the district court granted the motion. The district court made the following specific findings: (1) that Brad Associates had not filed a certificate prior to commencing the action as required by NRS Chapter 602; (2) that the cause of action arose out of the business carried on under a fictitious name; and (3) that accordingly, the action could not be maintained.

On appeal, Brad Associates asserts that the Credit Union knew at all relevant times "who" Brad Associates was. Accordingly, the policy underlying the filing requirement was not implicated in the transaction and litigation between the parties.

The sole issue before us is whether the trial court properly applied NRS Chapter 602 to dismiss the action. We hold that it did not.

## DISCUSSION

### A. PURPOSE OF NRS CHAPTER 602.

NRS 602.010 provides:

> Every person, corporation, firm and general partnership conducting, carrying on or transacting business in this state under an assumed or fictitious name or designation which does not show the real name or names of the corporation or person or persons engaged or interested in such business, must file with the county clerk of each county in which the business is being carried on, or is intended to be carried on, a certificate containing the information required by NRS 602.020.

The certificate must disclose the names and places of residence of those carrying on the business as well as the fictitious name under which the business is operated. NRS 602.020.

NRS 602.070 provides:

No action may be commenced or maintained by any person, corporation, firm or general partnership mentioned in NRS 602.010, nor by an assignee of such person, corporation, firm or partnership, upon or on account of any contract made or transaction had under such fictitious or fanciful name or designation, nor upon or on account of any cause of action arising or growing out of the business so carried on under such name or designation, unless prior to the commencement thereof the certificate required by this chapter has been filed.

Fictitious name statutes are generally enacted to prevent fraud and to give the public information about those entities with which they conduct business. Berg Metals Corp. v. Wilson, 339 P.2d 869 (Cal.Ct.App. 1959) (purpose is to prevent fraudulent trading); Nowels v. Ketchersid Music, Inc., 333 P.2d 869 (Idaho 1958) (statute designed to protect public against fraud and to give information to persons dealing with others who conduct business under fictitious name); Laliberte v. Wilkins, 638 P.2d 596 (Wash.Ct.App. 1981) (statute's purpose is to advise creditors of the identity of those with whom they are extending credit).

In *Berg Metals,* the California appellate court stated:

The object of [the fictitious name statute] is that public notice shall be given and a public record made of the individual members of partnerships with such definiteness and particularity that those dealing with them may at all times know who are the individuals with whom they are dealing, or to whom they are giving credit or becoming bound.

*Berg Metals,* 339 P.2d at 878 (citation omitted).

We conclude that the Nevada Legislature envisioned a purpose similar to that found in these jurisdictions—to inform the public of the true identity of those with whom they conduct business.

### B. WHETHER BRAD ASSOCIATES' ACTION WAS PROPERLY DISMISSED PURSUANT TO NRS CHAPTER 602.

Brad Associates argues that, under the present facts, NRS 602.010 and NRS 602.070 should not operate to deny Brad Associates its day in court. The reason, contends Brad Associates, is because the note and the deed of trust were executed not by Brad Associates, but by the partners in their individual capacities. Accordingly, the Credit Union had all the information which a filed certificate would have given it.

The Credit Union responds by pointing to the clear mandate of NRS 602.070: "No action may be commenced or maintained by any person . . . or general partnership . . . unless prior to the commencement thereof the certificate required by this chapter has been filed."

We agree with Brad Associates. The Credit Union knew full well the identity of the parties with whom it was dealing. Throughout the negotiations, the Credit Union was dealing with each individual partner of Brad Associates. Neither the original note nor the deed of trust and assignment of rents agreement makes any mention of Brad Associates. Indeed, according to the documents presented to this court, "Brad Associates" does not even appear until the extension agreement.

Furthermore, the original loan applications presumably required the partners to disclose personal information to the Credit Union. Surely the Credit Union's decision to approve the loan was based on each individual partner's credit worthiness and not upon Brad Associates' credit record. Even had Brad Associates filed a certificate as required by NRS 602.010, the Credit Union would have had no additional information on which to base its decision. Because the Credit Union had all the information which a certificate would have provided, we conclude that an application of NRS 602.070 would be a classic case of form over substance. Accordingly, we hold that the district court erred in granting the Credit Union's motion to dismiss Brad Associate's claim.

## C.   WHETHER THE DISTRICT COURT PROPERLY DISMISSED THE INDIVIDUAL PARTNERS' CLAIMS.

Similarly, we conclude that the district court erred by granting the Credit Union's motion to dismiss with regard to the individual partners. The Credit Union dealt directly with each partner. NRS 602.010 requires a person to file a certificate only when that person conducts, carries on or transacts "business in this state under an assumed or fictitious name or designation which does not show the real name . . . of the . . . person or persons engaged or interested in such business . . . ."

Clearly, NRS 602.010 is inapplicable to the individual partners because their transactions with the Credit Union were not done under a fictitious name or designation. Each partner, using his true name, personally executed the note; their respective signatures did not at any time serve to mislead the Credit Union with respect to either the individuals or Brad Associates.

We conclude that the district court improperly applied NRS Chapter 602 to dismiss the action. Accordingly, we reverse the ruling of the district court and remand for further proceedings.

YOUNG, J., concurring in part and dissenting in part:

Although I concur with much of the majority's opinion, I am unable to accept the court's holding as it relates to Brad Associates. Accordingly, I dissent.

I agree with the majority that NRS Chapter 602 was meant to "inform the public of the true identity of those with whom they conduct business." The majority's decision, however, fails to respect the unambiguous mandate of NRS 602.070, which expressly forbids an action to be commenced or maintained "unless prior to the commencement thereof the certificate required by this chapter has been filed."

"Brad Associates" is a fictitious name. The partnership was transacting business in Nevada under that name. Under the clear language of NRS 602.010, Brad Associates was required to file a certificate. Brad Associates commenced the action on July 7, 1988, but did not file a certificate until January 24, 1992. Accordingly, NRS 602.070 unequivocally prevents Brad Associates from maintaining its action.

Perhaps more troubling, the majority fails to give practitioners and district judges any guidance whatsoever as to when NRS Chapter 602 will apply. In my view, NRS 602.070—which was originally enacted in 1923—is unambiguous and provides a bright-line rule as to when an action may be maintained. The majority's opinion serves only to obscure this line.

Because I agree that NRS Chapter 602 does not apply to the individual partners in the instant case, I would reverse the district court's order insofar as it dismisses their actions. I would affirm, however, the order dismissing Brad Associates' action. For this reason, I dissent.