CORRECTED OPINION[1]

Per Curiam:

In this appeal, we address whether NRS 602.070 bars the partners of an unregistered fictitious name partnership from bringing an action arising out of a business agreement that was not made under the fictitious name. NRS 602.070 prohibits persons who fail to file an assumed or fictitious name certificate from suing on any contract or agreement made under the assumed or fictitious name. We conclude that NRS 602.070 does not bar the partners from bringing the action so long as the partners did not conduct the business or enter into an agreement under the fictitious name or otherwise mislead the other party into thinking that he was doing business with some entity other than the partners themselves.

BACKGROUND FACTS

Appellants Leroy Loomis and David R. Shanahan raised and sold cattle in Elko County, Nevada. Each of the appellants had cer *67 tain responsibilities relating to the cattle business. Loomis supplied the livestock and paid expenses, while Shanahan managed the day-to-day care of the cattle. Once the cattle were readied for market and sold, Loomis and Shanahan would share the profits equally. While Loomis and Shanahan often called themselves the 52 Cattle Company, they had no formal partnership agreement and did not file an assumed or fictitious name certificate in that name. Loomis and Shanahan bring this appeal after an agreement entered into with respondent Jerry Carr Whitehead failed.
In the fall of 2003, Shanahan entered into a verbal agreement with Whitehead, a rancher, through Whitehead’s ranch foreman to have their cattle wintered at Whitehead’s ranch. Neither Loomis nor Whitehead was present when the ranch foreman made the deal with Shanahan, but the parties agree that there was no mention of the 52 Cattle Company at the time they entered into the agreement or anytime during the course of business thereafter. Shanahan and Loomis subsequently alleged that their cattle were malnourished and that a number of their cattle died from starvation that winter at Whitehead’s ranch. Whitehead denied these allegations.

Suit against Whitehead

The following summer, Shanahan and Loomis sued Whitehead, claiming negligence and breach of contract.[2] Later, well into discovery, Whitehead was made aware of the existence of the 52 Cattle Company when Shanahan stated in his deposition that he did not actually own any of the cattle on Whitehead’s ranch. In his deposition, he described the partnership arrangement. At about the same time, Whitehead learned that the name “52 Cattle Company’ ’ was not registered with the Elko County Clerk.
Whitehead then filed a motion for partial summary judgment, asserting that, pursuant to NRS 602.070, Loomis and Shanahan’s failure to register their fictitiously named partnership with the county clerk barred them from bringing a legal action. The district court agreed with Whitehead, granted the motion, and dismissed Loomis and Shanahan’s claims. Loomis and Shanahan timely appealed.[3]

DISCUSSION

The district court found that Loomis and Shanahan conducted business under a fictitious name without filing a fictitious name *68 certificate with the Elko County Clerk as required by NRS 602.010.[4] The district court therefore concluded that, pursuant to NRS 602.070, they were barred from bringing an action against Whitehead because they did not file a fictitious name certificate for the 52 Cattle Company.
Loomis and Shanahan contend that the district court erred in granting partial summary judgment because they did not enter into a contract with Whitehead under the name of the 52 Cattle Company, and they did not conduct business with Whitehead under that name. Loomis and Shanahan argue that NRS 602.070 is not applicable to their action against Whitehead because they did not mislead Whitehead into thinking that he was doing business with anyone other than them. We agree.

Standard of review

This court reviews a district court order granting summary judgment de novo, without deference to the district court’s findings.[5] We have held that “[s]ummary judgment is appropriate under NRCP 56 when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, that are properly before the court demonstrate that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law.”[6] Whether factual disputes are material depends upon the substantive law involved.[7]

NRS 602.070

This case turns on the language of NRS 602.070, which provides as follows:
*69 Commencement of action barred when certificate not filed. No action may be commenced or maintained by any person, mentioned in NRS 602.010, or by an assignee of such a person, upon or on account of any contract made or transactions had under the assumed or fictitious name, or upon or on account of any cause of action arising or growing out of the business conducted under that name, unless before the commencement of the action the certificate required by NRS 602.010 has been filed.
(Emphases added.)
When looking at a statute’s language, this court is bound to follow the statute’s plain meaning, unless the plain meaning was clearly not intended.[8] Here, in using the phrase “under the assumed or fictitious name,” the statute clearly bars bringing an action when the claims arise from a contract, transaction, or business conducted beneath the banner of an unregistered fictitious name.[9] However, NRS 602.070 does not apply to individual partners whose transactions or business with another party were not performed under the fictitious name.[10]
Here, Whitehead knew that Shanahan entered into the oral contract under his own name. He initially thought that Shanahan owned the cattle and Loomis had “some type of interest.” Shanahan did not enter into the contract under the fictitious “52 Cattle Company” name. Moreover, Whitehead does not allege that he was misled by either Loomis or Shanahan in any way that would cause him to think he was doing business with the 52 Cattle Company. In fact, Whitehead did not know of the 52 Cattle Company until Shanahan mentioned it in his deposition. Under these circumstances, when there simply was no indication that Loomis and Shanahan represented that they were conducting business as the 52 Cattle Company and no reliance by Whitehead that he was doing business with the 52 Cattle Company, NRS 602.070 does not bar the suit against Whitehead.[11]
This court has previously considered the matter of individual partners’ standing in the context of NRS 602.070. In Brad Associates v. Nevada Federal Financial, this court concluded that failure to register with the county clerk does not automatically bar *70 partners from commencing suit for claims arising out of their business.[12]
Brad Associates v. Nevada Federal Financial
In Brad, individual partners in a real estate venture, along with the partnership itself, filed suit against their lender. The partnership conducted the business of the enterprise under the fictitious name “Brad Associates.” The district court dismissed the action under NRS 602.070 because the partners had failed to file a fictitious name certificate for the partnership, as required under NRS 602.010, containing the names and places of residence of the partners, as described in NRS 602.020. The district court reasoned that the action could not be maintained because the cause of action arose out of partnership affairs. The Brad majority reversed the dismissal of the action as to the partnership because the lender knew exactly with whom it had done business and the certificate would have provided no additional information beyond that available to the lender at all times during the course of its dealings with the partners and the partnership. The majority in Brad concluded that enforcing NRS 602.090 in that instance would classically exalt “form over substance,”[13] given that the purpose of the fictitious name statutes was “to prevent fraud and to give the public information about those entities with which they conduct business.”[14] The Brad majority also went on to reverse the district court’s dismissal order as to the individual partners on the ground that the lender had dealt directly with each partner and because NRS 602.010 did not apply to situations in which individual partners personally contracted with a third party.
Although the Brad majority did not undertake an ambiguity analysis in construing NRS 602.010, NRS 602.020, and NRS 602.070, when read together, these statutes are ambiguous when applied to a partnership business that is not conducted solely through the fictitious name. However, Brad correctly resolved the ambiguity with regard to actions prosecuted by individual partners in connection with partnership affairs. In this, the Brad majority properly looked to the purpose of the statute to achieve the result that the statute was designed to effect — fraud prevention and the provision of public information. Having said this, we now restrict the reach of that decision as urged by Justice Young in his separate dissent. Maintenance of an action by an unregistered partnership, *71 if the business was conducted under the partnership’s name, as pointed out by Justice Young, clearly violates NRS 602.070.
We therefore reverse the district court’s partial summary judgment in this instance and remand for trial because, while the lawsuit between Loomis and Whitehead involved partnership business, the transaction at issue was not conducted and the subsequent suit was not maintained under the aegis of the fictitiously named partnership.

 This corrected opinion is issued in place of the opinion filed February 28, 2008.

 Four other plaintiffs were involved in Loomis and Shanahan’s suit against Whitehead; those plaintiffs are not involved in this appeal.

 Because the district court’s partial summary judgment pertained only to Loomis and Shanahan’s claims and the other plaintiffs’ claims remained pend *68 ing, the district court certified its judgment final as to Loomis and Shanahan under NRCP 54(b), which provides that the court may expressly direct the entry of a final judgment when it completely removes parties from an action that remains pending with respect to others if it finds that there is no just reason for delay. Although Loomis and Shanahan argue that the court improperly granted NRCP 54(b) certification in this instance, we disagree and conclude that the appeal may proceed. See Mallin v. Farmers Insurance Exchange, 106 Nev. 606, 797 P.2d 978 (1990).

 NRS 602.010(1) provides,
Every person doing business in this state under an assumed or fictitious name that is in any way different from the legal name of each person who owns an interest in the business must file with the county clerk of each county in which the business is being conducted a certificate containing the information required by NRS 602.020.

 Wood v. Safeway, Inc., 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

 Id. at 731, 121 P.3d at 1031.

 Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

 Harris Assocs. v. Clark County Sch. Dist., 119 Nev. 638, 641-42, 81 P.3d 532, 534 (2003).

 See Webster’s II New College Dictionary 1229 (3d ed. 2005) (giving the example of “entered the country under a false name” (emphasis added)).

 Brad Assocs. v. Nevada Fed. Financial, 109 Nev. 145, 149, 848 P.2d 1064, 1066 (1993).

 Id.

 109 Nev. 145, 848 P.2d 1064 (1993).

 Id. at 149, 848 P.2d at 1067.

 Id. at 148, 848 P.2d at 1066.