Hardesty, J.,
dissenting:
The majority holds that Shanahan and Loomis’s causes of action are not barred by NRS 602.070 because Whitehead (1) entered into a contract with one of the partners of 52 Cattle Company, not the partnership; and (2) was not misled by either of the two partners into thinking he was doing business with 52 Cattle Company. I must dissent because the majority misapplies an unambiguous statute, misapprehends the record before the district court, and, confusingly, adopts the bright line test from the dissent in Brad Associates v. Nevada Federal Financial[1] to resolve fictitious firm name registration violations but then applies the majority rule in Brad Associates to this case.
NRS 602.070 precludes any person doing business under an unregistered fictitious name from commencing or maintaining (1) any action on a contract made in the fictitious name or (2) “any cause of action arising or growing out of the business conducted’ ’ under the fictitious name.[2] The second prohibition contained in NRS 602.070, not the first, applies to the facts of this case.
The record below demonstrates that Shanahan and Loomis’s claims against Whitehead arose or grew out of “the business” conducted under 52 Cattle Company. Shanahan and Loomis were deposed after the joint case conference report was filed in the district court. According to this testimony, since approximately 1983, Shanahan and Loomis have been partners doing business as 52 Cattle Company for the purpose of buying, running, and selling cattle. Under the terms of their oral partnership agreement, Shanahan would manage the cattle, Loomis would pay all costs, the parties would generally share decision-making, and the net profits re- *72 suiting from cattle sales would be split equally. While Shanahan made the agreement with Whitehead’s foreman in this case, it is clear he did so on behalf of the 52 Cattle Company partnership. In his deposition, Shanahan stated that he did not have any of his own cattle on Whitehead’s ranch and the 52 Cattle Company brand was owned by Loomis.
Based on the deposition testimony, Whitehead filed a motion for summary judgment, seeking dismissal of any claims by Shanahan individually because Shanahan had admitted that he did not own any cattle placed on Whitehead’s ranch. In opposition, Shanahan and Loomis agreed that the cattle at issue were partnership cattle bearing the “52” brand. Shanahan conceded in his opposition to Whitehead’s motion for summary judgment that, but for the existence of the 52 Cattle Company partnership, Shanahan would not have a claim against Whitehead. However, Shanahan and Loomis argued that “it is obvious that Shanahan has a 50% partnership interest in the cattle” and, under the Nevada Uniform Partnership Act in effect at the time this action arose, partners were required to sue as individuals to enforce a partnership claim.[3] Contrary to the assertion by the majority that “Shanahan entered into the oral contract under his own name,”[4] the record demonstrates that Shanahan does not maintain an individual claim. Rather, Shanahan and Loomis argued that summary judgment against Shanahan must be denied because the partners were enforcing the partnership claim against Whitehead.
In response to Shanahan and Loomis’s opposition to Whitehead’s motion for summary judgment, Whitehead voluntarily withdrew the motion and filed a new motion for summary judgment, seeking dismissal of both Shanahan and Loomis’s claims, under NRS 602.070, because their claims arose or grew out of the business of the 52 Cattle Company, an unregistered fictitious name. Based on facts admitted by Shanahan and Loomis in deposition testimony and in opposition to Whitehead’s first motion for summary judgment, the complaint is barred by the second prohibition contained in NRS 602.070. On this record, the district court correctly granted summary judgment against Shanahan and Loomis.
Applying the holding in Brad Associates, the majority also reverses summary judgment because Whitehead did not allege that he was misled by either Shanahan or Loomis into thinking he was doing business with the 52 Cattle Company.[5]1 would take this op *73 portunity to overrule Brad Associates to the extent that it bases the enforcement of NRS 602.070 on whether the purpose of the fictitious name statute has been satisfied rather than its plain and unambiguous terms.[6] The Brad Associates court violated a fundamental tenet of statutory construction by examining the purpose of NRS 602.070 without first declaring that the statute was ambiguous.[7] In his dissent in Brad Associates, Justice Young observed that NRS 602.070 plainly and unambiguously mandates that an action not be commenced or maintained unless a fictitious name certificate has been filed.[8] The Legislature has determined the consequences that result from a business’s failure to file a fictitious name certificate, and we should not alter those consequences by focusing on the statute’s purported purpose rather than its unambiguous mandate.
The majority in this case repeats the same analytical defect committed by the court in Brad Associates. Without describing the alleged ambiguity, the majority simply declares that NRS 602.010, NRS 602.020, and NRS 602.070, when read together, “are ambiguous when applied to a partnership business that is not conducted solely through the fictitious name.”[9] This conclusion is itself ambiguous because it does not spell out what parts of these statutes are “ambiguous” when read together and what reasonable alternative interpretations exist. Nevertheless, and without explanation, the majority then adopts the rule urged by Justice Young in his dissent in Brad Associates, stating that “[mjaintenance of an action by an unregistered partnership, if the business was conducted under the partnership’s name . . . clearly violates NRS 602.070.”[10] Having now adopted this bright-line test, the majority, confusingly, fails to apply the rule to this case.
To echo Justice Young’s lament in Brad Associates, in this case, the majority once again fails “to give practitioners and district *74 judges any guidance whatsoever as to when NRS Chapter 602 will apply.”[11]
For these reasons, I dissent.

 109 Nev. 145, 848 P.2d 1064 (1993).

 NRS 602.070 provides in full as follows:
No action may be commenced or maintained by any person, mentioned in NRS 602.010, or by an assignee of such a person, upon or on account of any contract made or transaction had under the assumed or fictitious name, or upon or on account of any cause of action arising or growing out of the business conducted under that name, unless before the commencement of the action the certificate required by NRS 602.010 has been filed.

 Proprietors of the Mexican Mill v. The Yellow Jacket Silver Mining Co., 40 Nev. 40, 42-43 (1868). See 2005 Nev. Stat., ch. 128, § 39, at 428, which amended the Uniform Partnership Act (1997) effective July 1, 2006, permitting a partnership to bring an action in its fictitious name. NRS 87.4331.

 See majority opinion ante p. 69.

 See majority opinion ante p. 69.

 I agree with the Brad Associates majority that NRS Chapter 602 does not apply to claims by individual partners for personal claims against third parties. As the facts in this case demonstrate, however, Shanahan and Loomis admit that their claims arose or grew out of the 52 Cattle Company partnership.

 See Richardson Construction v. Clark County School District, 123 Nev. 61, 64, 156 P.3d 21, 23 (2007) (footnotes omitted) in which this court stated,
The construction of a statute should give effect to the Legislature’s intent. In determining the Legislature’s intent, we may look no further than any unambiguous, plain statutory language. In the absence of such language, we must examine the statute in the context of the entire statutory scheme, reason, and public policy to effect a construction that reflects the Legislature’s intent.

 Brad Associates, 109 Nev. at 150, 848 P.2d at 1067 (Young, L, dissenting).

 See majority opinion ante p. 70.

 See majority opinion ante p. 70-71.

 Brad Associates, 109 Nev. at 150, 848 P.2d at 1067 (Young, J., dissenting).