ROBERT J. GORDON CONSTRUCTION CO., INC., APPELLANT, *v.* MEREDITH STEEL CONSTRUCTION, INC., AND BELL TELEPHONE CO. OF NEVADA, A CORPORATION, RESPONDENTS.

No. 7523

July 9, 1975                    537 P.2d 1199

*Morse, Foley & Wadsworth,* of Las Vegas, for Appellant.

*Paul A. Richards,* of Reno, for respondent, Meredith Steel Construction, Inc.

*Dickerson, Miles & Pico,* of Las Vegas, for respondent, Bell Telephone Co. of Nevada.

## OPINION

By the Court, BATJER, J.:

This action arose out of a construction contract between co-respondent, Bell Telephone Co., and appellant, R. J. Gordon Construction Co., Inc., hereinafter referred to as "Bell" and "Gordon," and co-respondent Meredith Steel Construction, Inc., hereinafter referred to as "Meredith," a subcontractor and supplier to the general contractor, Gordon.

Bell contracted with Gordon for the remodeling of several radio relay stations located across northern Nevada. On April 30, 1968, Meredith submitted a bid in the amount of $44,283 to Gordon for a subcontract on the project. Gordon eventually accepted the bid but the subcontract was not executed by Meredith until July 14, 1968. Counsel stipulated that $6,534.30 remained unpaid on the subcontract at the time of trial.

Attached to Meredith's April 30, 1968 bid was a proposal for the rental of temporary shoring beams to be delivered to the construction sites by Meredith, installed by Gordon, and returned to Meredith at Gordon's expense. Gordon's acceptance of this rental agreement is evidenced by its "purchase order" No. 1330 directed to Meredith. Gordon's purchase order is separate from the subcontract and refers only to the rental proposal attached to Meredith's bid.

The trial court found two subsequent oral agreements arising from Gordon's request that Meredith set and remove the beams and girders it had already delivered to the construction sites. Those oral agreements were made before the subcontract had been signed by Meredith, but after Gordon had signed it on May 21, 1968, and sent it to Meredith.

There was conflicting evidence introduced concerning Gordon's countercharges against Meredith for construction delay and extra man-hours in the amount of $17,357.50. Meredith controverted all of Gordon's claims, and the trial court rejected them, awarding Meredith $12,062.46 as the remainder due on its contracts with Gordon. That figure was reduced by $975 as an offset in favor of Gordon for its equipment damage,

resulting in a net award to Meredith of $11,087.46, together with $2,500 in attorney fees, plus interest and costs. This appeal is taken from the judgment in favor of Meredith, as well as the denial of Gordon's counterclaim against Meredith, and the dismissal of its third party claim against Bell.

1. Gordon's first assignment of error is based upon the theory that oral negotiations and agreements prior to or contemporaneous with a written agreement are merged with that writing and that the oral requests asking Meredith to set up and remove the shoring beams and girders made before Meredith had signed the subcontract on July 14, 1968, as well as the purchase order for the beams sent to Meredith on July 11, 1968, merged with that contract.

The record supports the trial court's finding that a separate contract for rental of the shoring beams was reached between Meredith and Gordon, and that the rental agreement required only that Meredith deliver the beams to the job site. When Gordon experienced difficulty in installing girders substituted for some of the specified beams, it contacted Meredith and requested that corporation to install and remove the beams and girders. This work performed by Meredith was not required by either the subcontract or the beam rental agreement. In the installation and removal of the shoring beams and girders, Meredith performed work which Gordon, as the general contractor, was already obligated to do under the general contract with Bell.

Relying on the parol evidence rule, Gordon objected to much of the evidence offered by Meredith to show the separate oral agreements. The evidence, although conflicting, supports the trial court's finding of oral agreements independent of the subcontract, not contemplated by the parties in that writing, and not varying or contradicting its terms. Proof of such oral agreements does not violate the parol evidence rule. Alexander v. Simmons, 90 Nev. 23, 518 P.2d 160 (1974), citing Douglass v. Thompson, 35 Nev. 196, 127 P. 561 (1912).

Gordon next asserts that the trial court's characterization of Meredith's installation of the beams as something other than an "extra" is erroneous. Gordon would have us read the subcontract to include within its purview the work performed by Meredith in placing and removing the shoring beams and girders. All contracts, both oral and written, concerning the beams are completely apart from and outside the scope of the

written subcontract, and none of the terms of that contract control or even bear upon the contracts encompassing the shoring beams. The argument that the work performed by Meredith at the job sites is an "extra" is misplaced. Neither the terms of the subcontract nor the purchase order covering the rental of the beams in any way refers to the work that Meredith performed pursuant to the oral agreements. The judgment of the trial court is supported by substantial evidence. Fletcher v. Fletcher, 89 Nev. 540, 516 P.2d 103 (1973).

Although Meredith may have breached the rental agreement by supplying some girders made of composite steel parts instead of one-piece steel beams, we cannot say that the trial judge erred in ruling that the breach was non-material. The difficulty caused by the non-conforming girders was greatly exaggerated by Gordon. There was testimony that the substituted girders could bear greater loads than the beams; also, there was testimony indicating that the weight of the girders should have caused Gordon none of the problems of which he complained. Finally, Gordon fully benefited from the work performed by Meredith and there was no contention that the work under the subcontract and other agreements was not substantially completed. Fletcher v. Fletcher, supra.

2.   As to Gordon's third party claim against Bell there is substantial evidence in support of the trial court's ruling that Bell did not authorize substitution of the girders for the beams. The testimony of Bell's engineer and of an employee of Meredith who, it is claimed, sought the authorization from the engineer, controverts Gordon's theory of authorization. Fletcher v. Fletcher, supra.

3.   In addition to the net damage of $11,087.46, the trial court awarded plaintiff $2,500 attorneys fees. Gordon's argument that the award of attorneys fees was error is persuasive. NRS 18.010 explicitly limits award of attorneys fees by a court to those cases in which the recovery is $10,000 or less. We have interpreted the statute to mean that the total amount of the judgment is to be considered in arriving at the $10,000 limit. Peterson v. Freeman, 86 Nev. 850, 477 P.2d 876 (1970). In *Peterson,* as here, the total award represented recovery on

two separate counts. That case is controlling and the district court's award of attorneys fees is reversed.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.