RAYMOND J. PARODI, AN INDIVIDUAL, DBA CONSTRUCTION BY R. PARODI AND SON, APPELLANT, *v.* FRANK R. BUDETTI, AN INDIVIDUAL, AND LORETTA M. BUDETTI, AN INDIVIDUAL, RESPONDENTS.

No. 31225

August 27, 1999                    984 P.2d 172

*Kelly R. Chase,* Minden, for Appellant.

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell, Ltd.,* Carson City, for Respondents.

# OPINION

*Per Curiam:*

Appellant Raymond J. Parodi (Parodi) filed actions asserting claims for breach of contract, quantum meruit and foreclosure on a mechanic's lien against respondents Frank and Loretta Budetti (Budettis). Although the net verdict on the claims favored Parodi, the district court awarded attorney's fees and costs to the Budettis based upon an oral offer of judgment. Parodi contends the district court erred when it determined the Budettis to be the prevailing party for purposes of awarding attorney's fees and costs of suit. We agree.

## FACTS

Parodi contracted with the Budettis to supply labor and material for the construction of residential homes on three separate properties, 1289 Zinfandel, 1292 Zinfandel and 1286 Chardonnay in Gardnerville, Nevada. In 1995, Parodi filed three separate actions against the Budettis. Two actions regarding the Zinfandel properties were filed in justice court alleging claims of breach of contract and unjust enrichment.

The remaining action involving the Chardonnay residence was filed in district court. In addition to the contractual and quasi-contractual claims, the district court complaint also contained a cause of action for foreclosure of the mechanic's lien which had been filed against the Chardonnay property. The district court complaint also added claims against a Lori Musico (Musico) for slander and interference with contractual relations. Musico was alleged to have made numerous defamatory statements about Parodi which affected Parodi's business relations with the Budettis. The Budettis filed a counterclaim against Parodi alleg-

ing that Parodi breached the contracts to the detriment of the Budettis.

Upon motion, the justice court complaints were consolidated with the district court action. Prior to trial, three offers of judgment were served upon Parodi. The first and second were made in 1996 by the Budettis alone. The last was made on March 19, 1997, for the sum of $20,000 inclusive of all fees, costs and prejudgment interest ('97 offer). This final written offer was made by the Budettis and Musico. It did not indicate how much of the $20,000 was to be paid by the respective defendants and was therefore unapportioned.

Trial began on July 7, 1997. Just prior to the start of the trial, the district court asked both parties to submit one last oral settlement offer.[1] The court told both parties that it would use the oral offers to determine which side prevailed at trial for the purpose of awarding costs and attorney fees. The jury found that both Parodi and the Budettis breached their contracts with respect to the Zinfandel properties. The jury assessed damages to both sides. The net verdict, after counterclaim offsets, on 1289 Zinfandel was in favor of Parodi in the amount of $4,306.00. The Budettis prevailed on the counterclaim regarding 1292 Zinfandel in the net amount, over and above Parodi's contract claim, of $4,603.00. The jury also found in Parodi's favor on the Chardonnay residence and awarded damages in the amount of $19,095.61. The various damage awards resulted in a total net verdict in favor of Parodi in the amount of $18,798.61. The net verdict was less favorable than the '97 offer as well as the oral offer made by the Budettis before the commencement of the trial.

Both parties moved the district court for attorney's fees and costs claiming that they were the prevailing party. Parodi asserted he was entitled to mandatory fees and costs under NRS 108.237, the mechanic's lien statute. Parodi also claimed fees could be awarded under NRS 18.010(2)(a) while costs were mandated by NRS 18.020. The Budettis argued that they were entitled to fees and costs by virtue of NRCP 68 and NRS 17.115. The Budettis also cited to NRS 18.010 and 18.020 in support of their request for attorney's fees and costs. The district court denied Parodi's motion and granted the Budettis' motion finding that the Budettis oral settlement offer exceeded the net award to Parodi. The Budettis were awarded costs in the amount of $8,127.24 and attorney's fees of $30,920.00.

[1] By this time, Parodi had stipulated to dismiss Musico and her counterclaims from the lawsuit upon the agreement of the Budettis that all of Musico's actions would be imputed to the Budettis on the construction contract claims.

## DISCUSSION

### I. *Attorney's Fees and Oral Offers of Judgment*

Parodi asserts that the district court lacked the authority to base an award of costs and fees upon the oral offers made shortly before the trial began. We agree. Absent an abuse of discretion, a district court's award of fees and costs will not be disturbed upon appeal. Nelson v. Peckham Plaza Partnerships, 110 Nev. 23, 866 P.2d 1138 (1994). However, absent a statute or rule, a court does not have the authority to issue an award of attorney's fees. State, Dep't of Human Resources v. Fowler, 109 Nev. 782, 858 P.2d 375 (1993). Therefore, the district court erred in basing its award of attorney's fees and costs upon the oral negotiations of the parties.

### II. *1997 Written Offer of Judgment*

The Budettis argue that the district court's award of fees and costs can still be upheld because it is supported by the '97 offer.

A joint, unapportioned offer of judgment is invalid for the purpose of determining a prevailing party under NRCP 68 and NRS 17.115. Edwards Indus. v. DTE/BTE, Inc., 112 Nev. 1025, 923 P.2d 569 (1996); Morgan v. Demille, 106 Nev. 671, 799 P.2d 561 (1990); Ramadanis v. Stupak, 104 Nev. 57, 752 P.2d 767 (1988). There is no doubt the '97 offer was unapportioned. The offer did not indicate whether the $20,000 was being offered to settle the contractual claims against the Budettis or the tort claims for slander against Musico. Further, the offer did not distinguish how much would be paid by each defendant to settle the respective claims.

The Budettis assert that Musico was their agent and, as such, this is a case of defendants who are acting jointly, as one entity, similar to the defendants in Uniroyal Goodrich Tire v. Mercer, 111 Nev. 318, 890 P.2d 785 (1995). The record does not support a finding that Musico was considered to be an agent of the Budettis at the time Parodi rejected the '97 offer. Musico was sued because she allegedly made false and defamatory statements about Parodi. The Budettis were not included in these claims, nor was Musico included in the contractual and lien claims against the Budettis. There is no indication that the Budettis stipulated to be liable for Musico's actions at the time the offer was made or to pay any judgment that might be entered against Musico. Thus,

this case does not fall within the exception contemplated by *Uniroyal*. The district court could not award fees and costs based upon Rule 68 or NRS 17.115.

### III. NRS 18.010 and 18.020 Fees and Costs

The Budettis further claim the district court's award of fees and costs can be supported under NRS 18.010 and 18.020. Since the Budettis did prevail on their counterclaim involving 1292 Zinfandel, arguably fees and costs related to that counterclaim could be awarded pursuant to those statutes. However, as Parodi prevailed on the 1289 Zinfandel and Chardonnay claims, Parodi, not the Budettis, would be entitled to any fees and costs under NRS 18.010 and 18.020 with respect to those properties.

The application of NRS 18.010 and 18.020 to consolidated cases involving separate and distinct claims is one of first impression. There are two alternative methods which could be adopted by the court to resolve issues relating to fees and costs in such situations.

The first method would be to treat each of the separate and distinct claims individually and determine whether fees and costs could be assessed on the basis of the monetary awards in individual claims. The amounts awarded would then be offset against each other. The second method would be to consider the claims as a whole and let the total net award govern the outcome for purposes of NRS 18.010 and 18.020.

Although this issue has not arisen in a consolidated action context, the same problem has been addressed in single action cases involving multiple counts or counterclaims. *See* Robert J. Gordon Constr. v. Meredith Steel, 91 Nev. 434, 537 P.2d 1199 (1975); Peterson v. Freeman, 86 Nev. 850, 477 P.2d 876 (1970). In *Gordon* and *Peterson,* multiple claims were litigated in the same lawsuit. Some of the claims were worth less than the statutory cap under NRS 18.010(2). However, the aggregate or net judgments in the case exceeded the statutory cap. The court held that it is the value of the total judgment which controls, not the individual claims.

We see no reason to treat multiple lawsuits which have been consolidated into one action differently from multiple claims filed in a single action. Therefore, we adopt the second approach. Thus, in cases where separate and distinct suits have been consolidated into one action, the trial court must offset all awards of monetary damages to determine which side is the prevailing party and whether or not the total net damages exceed the $20,000 threshhold. The trial court would then award costs to the prevailing party pursuant to NRS 18.020 and proceed with the discre-

tionary analysis under NRS 18.010(1)(a) to determine if attorney's fees are warranted.

Here, after offsetting the three monetary awards in the separate claims, the net verdict was in favor of Parodi. Thus the award of fees and costs to the Budettis cannot be affirmed and must be reversed. On remand, the district court must award Parodi costs as the prevailing party. Moreover, since the net verdict does not exceed $20,000, the district court may consider an award of attorney's fees to Parodi under NRS Chapter 18.[2]

### IV.  *Attorney's Fees Under NRS 108.237*

Parodi has also argued that he is entitled to attorney's fees pursuant to the provisions of NRS 108.237.[3] Parodi's original lien was against the Chardonnay property in the amount of $26,503.00. The jury found in Parodi's favor with regard to the Chardonnay property and assessed the damages at $19,095.61. A lien claimant who recovers less than the amount of the lien is still the prevailing party under NRS 108.237. *See* Close v. Isbell Construction Co., 86 Nev. 524, 471 P.2d 257 (1970). Parodi is therefore the prevailing party as to the Chardonnay property, and an award of attorney's fees for the preparation and representation of Parodi relating to the Chardonnay property is mandated by statute.[4]

### CONCLUSION

Accordingly, the award of costs and attorney's fees to the Budettis is reversed and the matter is remanded for the district court to recalculate costs and attorney's fees in accordance with this order.

---

[2]The district court may consider the oral offers of settlement in determining whether discretionary fees should be awarded under the statute or the amount of fees.

[3]NRS 108.237(3) provides that:

> The court shall also allow to the prevailing party reasonable attorney's fees for the preparation of the lien and for representation of the lien claimant in the action.

[4]The amount of the award, that is, what is reasonable, is still within the discretion of the trial judge. As attorney's fees are mandated for the Chardonnay property under NRS 108.237(3), the Chardonnay property would not be eligible for attorney's fees pursuant to NRS 18.010(2).