An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ROSEMERE ESTATES PROPERTY OWNERS ASSOCIATION,<br>Appellant,<br>vs.<br>JOHN ALLEN LYTLE AND TRUDI LEE LYTLE, AS TRUSTEES OF THE LYTLE TRUST,<br>Respondents. | No. 63942<br><br>**FILED**<br><br>OCT 1 9 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY ____S. Young____<br>DEPUTY CLERK |
| JOHN ALLEN LYTLE AND TRUDI LEE LYTLE, AS TRUSTEES OF THE LYTLE TRUST,<br>Appellants,<br>vs.<br>ROSEMERE ESTATES PROPERTY OWNERS ASSOCIATION,<br>Respondent. | No. 65294 |
| JOHN ALLEN LYTLE AND TRUDI LEE LYTLE, AS TRUSTEES OF THE LYTLE TRUST,<br>Appellants,<br>vs.<br>ROSEMERE ESTATES PROPERTY OWNERS ASSOCIATION,<br>Respondent. | No. 65721 |

*ORDER AFFIRMING (DOCKET NO. 63942); VACATING AND REMANDING (DOCKET NO. 65294); AFFIRMING IN PART, REVERSING IN PART, AND REMANDING (DOCKET NO. 65294); AND VACATING AND REMANDING (DOCKET NO. 65721)*

These consolidated appeals challenge a district court summary judgment in a declaratory relief action (Docket No. 63942), an order denying monetary damages (Docket No. 65294), an order partially granting a motion to retax costs (Docket No. 65294), and an order denying a motion for attorney fees (Docket No. 65721). Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

SUPREME COURT
OF
NEVADA

(O) 1947A

15 -31763

*Docket No. 63942*

In their summary judgment motions, the parties acknowledged that no genuine issues of material fact existed, that the sole legal issue for the district court to determine was whether Rosemere Estates Property Owners Association needed unanimous consent from its members to amend its CC&Rs, and that NRS 116.2117 did not dictate the outcome of this legal issue. Based on this common ground, the district court concluded that unanimous consent was required because, under common-law principles, the original CC&Rs were reciprocal servitudes that could not be amended absent unanimous consent from the affected property owners.

We have considered the arguments in Rosemere's opening brief and conclude that they do not call into question the basis for the district court's summary judgment. Nor are we persuaded that Rosemere's arguments otherwise warrant reversal of the summary judgment. In particular, we are not persuaded by Rosemere's argument regarding Section 37 of 1999 Senate Bill 451 because Rosemere has not identified any provision in the original CC&Rs that did not conform to NRS Chapter 116 and that would have required amendment.[1] As for Rosemere's argument that the Lytles failed to include a sworn statement in their complaint, this court has never held that NRS 38.330(5)'s sworn-statement requirement is jurisdictional. Accordingly, we affirm the district court's July 30, 2013, summary judgment in Docket No. 63942.[2]

---

[1]Nor has Rosemere explained how its 2007 amendments complied with Section 37's October 2000 deadline for making such amendments.

[2]We have considered Rosemere's remaining arguments and conclude that they either lack merit, have no bearing on the legal issue presented to the district court, or both.

(O) 1947A

*Docket No. 65294*

The Lytles challenge the district court's (1) order denying their request for monetary damages and (2) order partially granting Rosemere's motion to retax costs.

*Monetary damages*

The district court denied the Lytles' request for monetary damages based on the conclusion that monetary damages are not recoverable in a declaratory relief action. On appeal, the Lytles contend that this conclusion was erroneous, as NRS 30.100 expressly authorizes district courts to award monetary damages in declaratory relief actions. We agree.[3] *See Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.*, 155 F.3d 17, 25 (2d Cir. 1998) (recognizing that district courts have authority under NRS 30.100's federal counterpart to award monetary damages as "further relief"). Accordingly, we vacate the district court's March 11, 2014, order and remand for further proceedings consistent with this order.[4]

---

[3]Rosemere contends that the Lytles did not rely on NRS 30.100 in district court and should be prohibited from doing so for the first time on appeal. *Cf. Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in trial court . . . is deemed to have been waived and will not be considered on appeal."). Because the district court sua sponte denied the Lytles' request for damages based on an erroneous legal conclusion, *Old Aztec*'s waiver rule is inapplicable.

[4]Rosemere contends that the district court's order should be affirmed on the alternative ground that the Lytles failed to provide admissible evidence to support their requested monetary damages. Because the record on appeal is unclear in this respect, we decline to do so. *See Zugel v. Miller*, 99 Nev. 100, 101, 659 P.2d 296, 297 (1983) ("This court is not a fact-finding tribunal . . . .").

*Costs*

The Lytles contend that the district court abused its discretion in partially granting Rosemere's motion to retax costs. *Cadle Co. v. Woods & Erickson, LLP*, 131 Nev., Adv. Op. 15, 345 P.3d 1049, 1054 (2015) (recognizing that district courts have wide discretion in determining whether to award costs). In particular, the Lytles contend that they provided sufficient documentation to demonstrate that they reasonably, necessarily, and actually incurred costs relating to (1) photocopies and telecopies, and (2) filing fees and e-filing charges. We disagree with the Lytles' contention with respect to the first category, *see id.*, but agree with the Lytles' contention with respect to the second category, particularly in light of Rosemere's failure to specifically address that issue. *See Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 563, 216 P.3d 788, 793 (2009) (treating the failure to respond to an argument as a confession of error). Accordingly, we reverse the district court's February 13, 2014, order to the extent that it denied the Lytles' request for costs relating to filing fees and e-filing charges. All other aspects of that order are affirmed.

*Docket No. 65721*

The parties dispute whether the Lytles timely filed their motion for attorney fees. We agree with the Lytles that their motion was filed within 20 days from the notice of entry of the final judgment, which rendered their motion timely. *See Barbara Ann Hollier Trust v. Shack*, 131 Nev., Adv. Op. 59, ___ P.3d ___, ___ (2015); *see also Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 688 (6th Cir. 2005); *Weyant v. Okst*, 198 F.3d 311, 314 (2d Cir. 1999).

The parties next dispute whether a statute, rule, or contractual provision authorized the Lytles to recover attorney fees. Both parties agree, however, that NRS 116.4117 authorizes attorney fees if the

Supreme Court
OF
Nevada

(O) 1947A

4

prevailing party suffers "actual damages." NRS 116.4117(1), (6). In light of our determination in Docket No. 65294 that the Lytles may be entitled to monetary damages, *cf. Davis v. Beling*, 128 Nev., Adv. Op. 28, 278 P.3d 501, 512 (2012) (equating "actual damages" with "compensatory damages"), the district court's denial of attorney fees may have been improper.[5] Accordingly, we vacate the district court's May 29, 2014, order denying attorney fees and remand for further proceedings consistent with this order.

It is so ORDERED.

_____, J.
Saitta

_____ J.
Gibbons

_____ , J.
Pickering

cc:   Hon. Michelle Leavitt, District Judge
       Sterling Law, LLC
       Gibbs Giden Locher Turner Senet & Wittbrodt LLP
       Leach Johnson Song & Gruchow
       The Williamson Law Office, PLLC
       Eighth District Court Clerk

---

[5]In light of our determination in this respect, we decline to consider the parties' arguments regarding whether the original CC&Rs or the amended CC&Rs authorized attorney fees. We likewise decline to consider the parties' arguments regarding whether the Lytles' requested fees were reasonable.

**Docket Number -** 65970



**Document Year -** 2015



**Document Number -** 31751



# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARION COLLINS,
Appellant/Cross-Respondent,
vs.
OCEAN WEST NEVADA CORP.,
Respondent/Cross-Appellant.

No. 65970

**FILED**

OCT 1 9 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal and cross-appeal from a district court judgment in a breach of contract action. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

The parties entered into a contract for respondent to make improvements to appellant's home to make it handicap accessible. The improvements would be paid for through a grant appellant received from the Department of Veteran Affairs (VA). Respondent substantially completed the improvements, but then appellant denied respondent access to the home to finish the work. Both parties sued and the matter went to arbitration where respondent was awarded $16,893.87. Appellant filed a request for a trial de novo and after a short trial, a judgment was entered wherein respondent received an additional $1,500 and appellant received $1,500. The district court also awarded respondent its costs but denied respondent's request for attorney fees. This appeal and cross-appeal followed.

As an initial matter, appellant argues that the district court lacked subject matter jurisdiction because respondent failed to exhaust its administrative remedies that were available under the escrow agreement. Because respondent's action is based on the building contract, not the escrow agreement, and exhaustion of administrative remedies was not

statutorily mandated, the district court had subject matter jurisdiction.[1] *See Eluska v. Andrus*, 587 F.2d 996, 999 (9th Cir. 1978) (explaining that when exhaustion is statutorily mandated, the exhaustion requirement is jurisdictional but when it is not, the court has discretion to dismiss the action). Similarly, because the VA was not a party to the building contract that was the basis for respondent's breach of contract action and the VA was merely the escrowee of appellant's grant funds, appellant's argument that the VA was a necessary party is without merit. *See* NRCP 19(a) (defining necessary parties).

Further, we conclude that the district court did not err in awarding respondent damages for appellant's breach of the building contract because respondent was properly licensed to complete the work, appellant failed to pay respondent through the funds supplied by his VA grant or otherwise, and the timeframe for completing the project was extended.[2] *Whitemaine v. Aniskovich*, 124 Nev. 302, 308, 183 P.3d 137, 141 (2008) (providing that this court reviews contract interpretation de novo and the district court's findings of facts for substantial evidence). Also, the district court did not abuse its discretion in awarding respondent its costs as the prevailing party because the district court's order indicates

---

[1]We note that nothing in the record indicates that appellant presented this argument to the district court and requested dismissal.

[2]In regard to appellant's argument that the district court should have compelled arbitration between respondent and its subcontractor, who is not a party on appeal, because appellant was not a party to the arbitration agreement between respondent and the subcontractor, appellant did not have standing to compel arbitration between the two parties. *See generally Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 124 Nev. 629, 633-34, 189 P.3d 656, 659 (2008) (explaining that if one does not have an agreement to arbitrate with a party, then one cannot force that party to arbitrate).

that the $1,500 award to respondent was in addition to the $16,893.87 that respondent had already received from the arbitrator. *Parodi v. Budetti*, 115 Nev. 236, 240, 984 P.2d 172, 174 (1999) (explaining that this court reviews an award of costs and fees for an abuse of discretion).

We conclude, however, that the district court abused its discretion in denying respondent's request for its attorney fees. *Id.* NAR 20(B)(2)(a) provides that if a party requests a trial de novo after an arbitration award of less than $20,000 and does not reduce the judgment by at least twenty percent, the non-requesting party is entitled to its fees incurred in the trial de novo. Because appellant failed to reduce respondent's award by at least twenty percent, the district court should have awarded respondent its attorney fees incurred in the trial de novo. Therefore, while we affirm the district court's judgment and award of costs, we reverse the court's denial of respondent's request for attorney fees and remand this matter for proceedings consistent with this order.

It is so ORDERED.

_____, J.
Saitta

_____ J.
Gibbons

_____, J.
Pickering

cc: Hon. Stefany Miley, District Judge
Thomas J. Tanksley, Settlement Judge
Michael R. Pontoni
Jolley Urga Wirth Woodbury & Little
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

3