## 134 Nev., Advance Opinion 60

### IN THE SUPREME COURT OF THE STATE OF NEVADA

NORTHERN NEVADA HOMES, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
GL CONSTRUCTION, INC., A NEVADA CORPORATION,
Respondent.

No. 71899



FILED

AUG 02 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from an order awarding attorney fees and costs. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

*Affirmed.*

Rusby Clark, PLLC, and Christopher M. Rusby, Reno,
for Appellant.

Law Office of James Shields Beasley and James Shields Beasley, Reno,
for Respondent.

---

BEFORE CHERRY and PARRAGUIRRE, JJ., and SAITTA, Sr.J.[1]

### OPINION

By the Court, CHERRY, J.:

In this appeal, we consider a district court's award of attorney fees and costs to defendant GL Construction, Inc. (GL) on its counterclaim

---

[1]The Honorable Nancy M. Saitta, Senior Justice, was appointed by the court to sit in place of the Honorable Lidia Stiglich, Justice, who is disqualified from participation in this matter. Nev. Const. art. 6 § 19(1)(c); SCR 10.

18-29637

against plaintiff Northern Nevada Homes, LLC (NNH). The question presented is whether the district court properly determined GL to be the "prevailing party" following bifurcated trials, in which the parties settled as to damages on NNH's claims in an amount that exceeds GL's damages judgment on its counterclaim. We conclude that the district court did not abuse its discretion with regard to the award of attorney fees and costs for two reasons. First, we note that no statute or court rule requires the trial court to offset a damages judgment on one party's counterclaim by the amount recovered by another party in settling its claim to determine which side is the prevailing party. Second, we conclude that the most reasonable interpretation of NRS 18.010(2)(a) and 18.020(3) precludes the use of settlement recovery for this purpose.

## FACTS AND PROCEDURAL HISTORY

NNH and Cerberus Holdings, LLC, filed a complaint against Gordon Lemich and his company, GL.[2] NNH alleged that GL and Lemich trespassed on its property by dumping dirt and other waste. GL later filed a counterclaim against NNH for breach of contract regarding unpaid invoices for construction work it had performed on separate projects. The district court bifurcated the case into a jury trial concerning NNH's claims against GL and Lemich, and a bench trial concerning GL's counterclaim against NNH. On day three of the jury trial, the district court indicated it was inclined to enter judgment as a matter of law in favor of NNH as to liability on its tort-based claims, and shortly thereafter, the parties settled

---

[2]Cerberus and NNH settled their claims against GL and Lemich, and only the attorney fee and costs award on GL's counterclaim against NNH is challenged in this appeal.

NNH's claims for $362,500. After the bench trial on GL's counterclaim, the district court found in favor of GL, awarding $7,811 in damages.

GL then moved for $67,595 in attorney fees and $2,497.33 in costs. NNH opposed, arguing in part that GL was not the prevailing party under NRS 18.010 and 18.020 because NNH obtained a net recovery from the settlement. The district court awarded GL $10,000 in attorney fees and $390 in costs, finding that (1) GL was a prevailing party within the meaning of NRS 18.010 and 18.020 with respect to its counterclaim; (2) the settlement amount was not relevant to the prevailing party determination because the facts underlying the counterclaim were largely unrelated to NNH's claim; and (3) $10,000 was a reasonable amount for attorney fees[3] and $390 in costs was appropriate as NNH did not dispute them.

## DISCUSSION

### Standard of review

"An award of attorney fees is reviewed for an abuse of discretion." *MB Am., Inc. v. Alaska Pac. Leasing*, 132 Nev. 78, 88, 367 P.3d 1286, 1292 (2016). A decision made "in clear disregard of the guiding legal principles can be an abuse of discretion." *Id.* (internal quotation marks omitted).

Questions of law and statutory interpretation are reviewed de novo. *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1028 (2006); *Smith v. Crown Fin. Servs. of Am.*, 111 Nev. 277, 284, 890 P.2d 769, 773 (1995). As to statutory interpretation, if the plain language of a statute

---

[3]NNH claims that "the [district] court arbitrarily determined $10,000 was a reasonable amount." However, NNH fails to present cogent argument or supporting authority in this regard, and we, therefore, decline to consider this issue. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

 

is ambiguous, "it is the duty of this court to select the construction that will best give effect to the intent of the legislature." *Smith*, 111 Nev. at 284, 890 P.2d at 773-74.

*Attorney fees and costs under NRS 18.010 and NRS 18.020*

NNH argues that the district court abused its discretion by determining that GL was the prevailing party under NRS 18.010(2)(a) and 18.020(3), because NNH received the net monetary recovery in this case when the parties' recoveries were offset under *Parodi v. Budetti*, 115 Nev. 236, 241, 984 P.2d 172, 175 (1999), and other courts' precedents.

NRS 18.010(2)(a) is the result of "[t]he legislat[ive] inten[t] . . . to afford litigants in small civil suits the opportunity to be made whole." *Smith*, 111 Nev. at 286, 890 P.2d at 774.[4] Under NRS 18.010(2)(a), a "court may make an allowance of attorney's fees to a *prevailing party* . . . [w]hen the prevailing party has not recovered more than $20,000." (Emphasis added.) Similarly, under NRS 18.020(3), "[c]osts must be allowed . . . to the *prevailing party* against any adverse party against whom judgment is rendered . . . [i]n an action for the recovery of money or damages, where the plaintiff seeks to recover more than $2,500." (Emphasis added.) "A party to an action cannot be considered a prevailing party within the contemplation of NRS 18.010, where the action has not proceeded to judgment." *Works v. Kuhn*, 103 Nev. 65, 68, 732 P.2d 1373, 1376 (1987), *disapproved of on other grounds by Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 35 P.3d 964 (2001); *cf. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human*

---

[4]Although the Nevada Legislature amended NRS 18.010 after *Smith*, NRS 18.010(2)(a) is unaffected by the amendment. *See* 2003 Nev. Stat., ch. 508, § 153, at 3478.

*Res.*, 532 U.S. 598, 604 n.7 (2001) (rejecting private settlement agreements as sufficient grounds for establishing prevailing party status, unless such settlements are enforced through a consent decree, because "[p]rivate settlements do not entail the judicial approval and oversight" as consent decrees, "[a]nd federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal").

In *Parodi*, this court considered whether a district court must look at the "separate and distinct claims" of parties within the same case and determine the award separately for each claim, or whether the claims should be considered "as a whole and let the total net award govern the outcome [of the prevailing party analysis] of NRS 18.010 and 18.020." 115 Nev. at 241, 984 P.2d at 175. There, the jury awarded both parties damages, and the parties made competing motions for attorney fees and costs as the prevailing party under NRS 18.010 and NRS 18.020. *Id.* at 239, 984 P.2d at 174. This court held:

> the trial court must offset all awards of monetary damages to determine which side is the prevailing party and whether or not the total net damages exceed the $20,000 threshhold [sic]. The trial court would then award costs to the prevailing party pursuant to NRS 18.020 and proceed with the discretionary analysis under NRS 18.010(2)(a) to determine if attorney's [sic] fees are warranted.

*Id.* at 241-42, 984 P.2d at 175.

Although this court has never done so, other courts have held that parties who recover through settlement are the prevailing party within the meaning of their respective attorney fee statutes. *See, e.g., DeSaulles v. Cmty. Hosp. of Monterey Peninsula*, 370 P.3d 996, 1003-04 (Cal. 2016). In *DeSaulles*, the California Supreme Court held that its attorney fee statute,

 

defining the prevailing party as the party "with a net monetary recovery," contemplated settlement recovery. *Id.* at 1004. It reasoned that (1) settlement money is a "recovery" because it is ultimately "gained by legal process," and (2) California's attorney fee statute's "basic purpose [was] imposing costs on the losing party" generally. *Id.* at 1003 (internal quotation marks omitted); *see also Maher v. Gagne*, 448 U.S. 122, 129 (1980) (analyzing a specific statute's legislative history to determine that a "prevailing party" includes "prevail[ing] through a settlement"); *Daisy Mfg. Co. v. Paintball Sports, Inc.*, 999 P.2d 914, 917 (Idaho Ct. App. 2000), *abrogated on other grounds by BECO Constr. Co. v. J-U-B Eng'rs Inc.*, 233 P.3d 1216 (Idaho 2010) (holding that Idaho's statutory language mandating consideration of the "resultant judgment" for an award of attorney fees to the prevailing party included "a settlement reached by the parties").

Here, NNH provides no Nevada authority establishing that the district court should have offset the settlement recovery on NNH's claims from GL's damages award on its counterclaim to determine whether GL was the prevailing party on its counterclaim under NRS 18.010(2)(b) and 18.020(3). Because *Parodi* only requires the district court to consider judgments for monetary damages when determining the prevailing party for the purposes of NRS 18.010(2)(a) and 18.020(3), we conclude that the district court did not err in its refusal to aggregate NNH's settlement recovery and GL's judgment for damages under that case. 115 Nev. at 241, 984 P.2d at 175 (holding that the trial court must "offset all *awards of monetary damages*" before determining the prevailing party and then determine whether the "total net *damages* exceed the $20,000 threshhold" (emphasis added)).

 

To the extent that there is any ambiguity as to the method of determining the prevailing party when faced with both settlement and damages recovery, we are unpersuaded by the other courts' holdings. For one, none of the cases NNH cites employed a net monetary recovery analysis that considered a settlement recovery by one party and a damages recovery by the other party. Further, we note that, although *DeSaulles* reasoned that settlement money was a "recovery" within the meaning of California's attorney fees statute, the California Supreme Court did so with the intent of comporting with its "basic purpose of imposing costs on the losing party." *See* 370 P.3d at 1003-04. Conversely, this court has stated that NRS 18.010(2)(a) was intended to afford litigants in small civil claims the opportunity to be made whole. *See Smith*, 111 Nev. at 286, 890 P.2d at 774. Allowing judgments for damages on distinct counterclaims to be aggregated with distinct settlements would not provide the opportunity for defendants with comparatively small counterclaims to be made whole when asserting their counterclaim, which we believe goes against NRS 18.010(2)(a)'s legislative intent. Therefore, we hold that NRS 18.010(2)(a) and NRS 18.020(3) do not intend for the district court, in determining the "prevailing party," to compare a monetary settlement of one party's claim against a judgment for damages on another party's counterclaim.

## CONCLUSION

There is no Nevada statute or court rule that requires the trial court to offset a judgment for damages on an independent claim by one party with a settlement recovery on the other party's claim to determine which side is the prevailing party, and the most reasonable interpretation of NRS

SUPREME COURT
OF
NEVADA

(O) 1947A

18.010(2)(a) and 18.020(3) precludes the use of settlement recovery for this purpose. We, therefore, conclude that the district court did not abuse its discretion by failing to aggregate the settlement recovery and damages award in this case and affirm the court's order awarding attorney fees and costs.

_____, J.
Cherry

We concur:

_____ J.
Parraguirre

_____, Sr.J.
Saitta

Supreme Court
OF
Nevada

(O) 1947A